RUFUS M. EASTMAN *vs.* JAMES J. LINN.

October 14, 1879.

Tax Law—Jurisdictional Facts—Designation of Newspaper.—Under Laws 1874, *c.* 1, *c.* 2, the designation, by the board of county commissioners of a county, of some newspaper to publish its delinquent tax list and the accompanying notice, is essential to a valid publication thereof, and to the validity of any judgment rendered thereon.

Same—Evidence to Impeach Judgment.—The want of such jurisdictional fact may be shown, to impeach the judgment or any sale had thereunder.

Same—Insufficient Designation.—The adoption by the board of a motion directing the county auditor " to give the printing of the delinquent tax list to F. Daggett, editor of the Litchfield News-Ledger," is not such a designation. So, also, as to a motion to give such printing to "Daggett & Joubert, editors of the Litchfield News-Ledger."

Ejectment for certain land in Meeker county. A jury was waived, and the action tried before *Brown*, J., who ordered

judgment for the defendant, which was entered, and the plaintiff appealed.

*F. Belfoy,* for appellant.

*Benton & Benton,* for respondent.

CORNELL, J.　Plaintiff's title rests upon two tax judgments —one rendered under the provisions of Laws 1874, *c.* 1, on August 15, 1874, and the other on October 15, 1874, under the provisions of Laws 1874, *c.* 2.　The validity of these judgments is the main question presented for consideration, and the only one necessary to be determined.

The only jurisdiction which the district court could acquire or exercise in rendering these judgments was a special and statutory one.　It had no authority by virtue of its common-law powers or general jurisdiction to entertain the proceedings, and do what it did in the premises.　If it acquired any jurisdiction, therefore, it arose out of the existence of the particular facts and conditions upon which its exercise was made to depend by the statutes which conferred it; and if these were wanting, the proceedings before it were void as *coram non judice,* and it was competent to show such want of jurisdiction for the purpose of impeaching the judgments, and the sales made under them, for it is so expressly provided by the statutes in question.　Laws 1874, *c.* 1, § 125, and *c.* 2, § 15.

Section 112 of chapter 1, aforesaid, provides that a copy of the delinquent tax list, together with a notice attached thereto, substantially in the form prescribed by section 111, shall be "published once in each of three consecutive weeks in some newspaper of general circulation, printed in the English language, published at the county seat in the county in which said real estate is situate, if there be one; if there be none, then in some such newspaper published at some other place in the county, or in the county where the proceedings are instituted; or if there be no such newspaper published in either county, then in some newspaper published within the judicial district;" and it further provides that "the *newspaper in which such publication shall be made*

*shall be designated by resolution of the board of county commis-sioners of the county in which the taxes are levied, at their annual meeting in January,* or at a meeting of said board to be held on *the third Monday of June in each year,* a copy of which resolution, certified by the county auditor, shall be filed in the office of the clerk of the court."

Section 113 enacts that "when the last publication shall have been made, the notice shall be deemed to have been served, and the court to have acquired full and complete jurisdiction to enforce, against each piece or parcel of land in said published list described, the taxes upon it then delinquent, so as to bind every estate, right, title, interest, claim or lien, in law or equity, in, to or on such piece or parcel of land, of every person, company or corporation; and such jurisdiction shall not be in any way affected by any error in making the list filed with the clerk, nor by any error, irregularity or omission in the assessment or levy of the taxes, or in any other proceedings prior to filing the said list; nor shall the jurisdiction be affected, except as to the piece or parcel as to which such error may occur, by any mistake in copying the list for publishing, nor any mistake in publishing such list, nor by any mistake in the amount of tax in such published list appearing against any piece or parcel of land therein described."

The publication of the list and notice, as required by section 112, is clearly a jurisdictional prerequisite to the entry of any valid judgment against any property mentioned in the delinquent list. The publication must be made, not only in the kind of newspaper therein mentioned, but in one published at one of the places therein indicated. The particular newspaper must also be designated by the board of county commissioners of the county in which the taxes are levied. The publication operates as a constructive service of the notice and list upon the party whose property is to be affected by the proceeding, and, to be effectual for any purpose, the mode of making it pointed out by the statute must be strictly

complied with. An omission by the board to designate any
newspaper, or a publication in any other than the one desig--
nated by it, would be a fatal defect to any judgment entered
thereon.

That these views are correct is made further apparent by
the provisions of section 113. The declaration that the notice
shall be deemed to have been served upon the last publication,
and that the court shall *then* be deemed to have acquired full
and complete jurisdiction, etc., raises the necessary implication
that, without such service, it can acquire no such jurisdiction.
Further, in enumerating what errors, irregularities, omissions
and mistakes shall not affect the jurisdiction of the court, no
mention is made of a failure on the part of the board of county
commissioners to designate the newspaper in which the pub-
lication shall be made, or of the effect of publishing in a
newspaper not so designated. The natural and legal infer-
ence is that the legislature intended that the requirements of
the statute in this regard could not be dispensed with or dis-
regarded without affecting the question of jurisdiction.

In respect to the first above-named judgment, which was
rendered pursuant to the provisions of this chapter, the facts,
as found by the court, are these: The delinquent list and
notice were published in the "Litchfield News-Ledger," a
newspaper published at the county seat of Meeker county,
printed in the English language, and having at the time a
general circulation; that the only action ever taken by the
board of county commissioners of said Meeker county, in ref-
erence to designating a newspaper in which to publish said
list and notice, was the adoption and entry in the record of
its proceedings, under date June 15, 1874, of the following
motion: "On motion, the county auditor was instructed to
give the printing of the delinquent tax list to F. Daggett,
editor of the 'Litchfield News-Ledger,' at the maximum rates,
no lower bid being offered, and fix the bond for the faithful
performance of the work at five hundred dollars."

This was simply a designation of the individual to do the

printing, but not of any paper in which the publication should be made. The description of the person to whom the printing was awarded as the "editor of the Litchfield News-Ledger," imports no obligation that he was to make the publication in that paper, and the motion clearly contains no express designation by the board of any particular newspaper in which the publication should be made. As this is an essential jurisdictional fact, it cannot be supplied by intendment or presumption. For this defect the judgment was void.

The question presented as to the validity of the second above-mentioned judgment rests upon a somewhat similar state of facts. It was entered in attempted pursuance of the provisions of Laws 1874, *c. 2.* This chapter relates to enforcing payment of taxes which had become delinquent in and prior to the year 1873. It required a list of such taxes to be made and filed with the clerk of the district court of the county, on the first Monday of August, 1874, the effect of which is declared to be the same as the filing of a complaint in an action by the county against each piece of land described in such list, to enforce such taxes against it, and to obtain a judgment for the sale of the land for that purpose. (Section 1.) A copy of this list, together with a notice, in the nature of a summons, to all parties in interest, in the particular form prescribed by section 3 of the act, is required to be given and served by publication, in the manner stated in section 4, before any judgment can be entered. The mode of this publication is stated in section 4, and is substantially the same as that provided under Laws 1874, *c. 1*, which we have already considered. The character of the newspaper in which the publication is to be made is the same, and the act also provides that the newspaper shall be designated by the board of county commissioners of the county in which the taxes are levied, by resolution, at least ten days before the filing of the list with the clerk. Upon the facts found by the court below, it appears that no resolution or

order was ever adopted upon the subject, except as indicated by the following motion, which was passed by the board and entered in the minutes of its proceedings, on July 27, 1874, viz.: "On motion, the county auditor was instructed to give the printing of the delinquent tax list for the years prior to 1873 to Daggett & Joubert, editors of the Litchfield News-Ledger." This was not a designation of any newspaper by the board, as required by section 4 of the act, nor was it done at least ten days before the delinquent list was filed with the clerk. As this, in the judgment of the court, was a jurisdictional requirement, to be complied with before any judgment could be rendered, the one under consideration is held void.

These conclusions render it unnecessary to consider the other questions raised and discussed upon the argument.

Judgment affirmed.