THOMAS BOWER *vs.* JOHN O'DONNALL.

May 11, 1882.

**Tax Judgment and Sale—Description held Sufficient.**—The following description of land in a county auditor's certificate of sale, and a similar description in a tax judgment, are sufficient:

| Subdivision or Addition. | Section or Lot. | Township or Block. | Range. |
|---|---|---|---|
| S. 60 rods, W. ½ S. E. ¼ | 30 | 119 | 22 |

**Same—Action to Set Aside—Limitation.**—An action brought in 1881, to set aside or test the validity of an actual tax sale, made in 1875, upon an actual tax judgment, is barred by the five-years' limitation provided in Laws 1875, *c.* 5, § 30, by which the time of bringing such action is controlled.

Plaintiff, claiming to be the owner of the premises described in the opinion, which were unoccupied, brought this action under Gen.

St. 1878, c. 75, § 2, in the district court for Hennepin county, to quiet title. Defendant answered, setting up title in himself, through a sale for the taxes of 1874. The action was tried by *Young*, J., without a jury, who found as facts, that on September 1, 1875, a tax judgment was entered against the premises, under the description recited in the opinion, for the taxes of 1874; that on December 20, 1875, a certificate of sale thereof, with the description given in the opinion, was issued by the county auditor, showing that the premises were bid in for the state; that on January 24, 1876, the title of the state was assigned to the defendant, and that defendant gave proper notice of the time when the right to redeem the property would expire. As conclusions of law the court held the tax judgment regular on its face, and valid; that the descriptions in the tax judgment and certificate of sale are sufficient; that, five years having elapsed since the sale, it will not be set aside nor held invalid, and that defendant is entitled to judgment. Judgment was accordingly entered for defendant, and the plaintiff appealed.

*S. L. Pierce*, for appellant, cited *Tidd* v. *Riens*, 26 Minn. 201; *Eastman* v. *Linn*, 26 Minn. 215.

*Chas. J. Bartleson*, for respondent.

BERRY, J. The tax judgment involved in this case describes the taxed property as follows:

| Subdivision of Section, Lot, or Block. | Section or Lot. | Town or Block. | Range. | No. of Acres. |
| --- | --- | --- | --- | --- |
| S. 60 rods, W. ½ S. E. ¼ | 30 | 119 | 22 | 30 |

The county auditor's certificate of sale describes the property sold under the judgment as follows:

| Subdivision or Addition. | Section or Lot. | Township or Block. | Range. |
| --- | --- | --- | --- |
| S. 60 rods, W. ½ S. E. ¼ | 30 | 119 | 22 |

The descriptions of the property under the headings "Subdivision," etc., though not such as a nice conveyancer would be likely to employ, are nevertheless commonly used and understood in this state to denote a piece of land running across the subdivision mentioned, from east to west, and sixty (60) rods in width from north to south, measuring north from the south line of the given subdivision. The figures 30 and 119, under their respective headings, followed as they are by the designation of a range, (22,) evidently refer to the numbers of a section and township, and not of a lot or block. The descriptions are sufficient. The position of the case is, then, this: The trial court has found substantially and in effect (though somewhat inartificially) the existence of a tax judgment, regular upon its face, against the property in dispute, a regular sale thereof in pursuance of the judgment, the issuance of a proper certificate of sale, the due assignment thereof to the defendant, and the expiration of the period of redemption long before the commencement of this action. The sale was made in 1875. It is therefore governed by the statute then in force. *O'Mulcahy* v. *Florer,* 27 Minn. 449. The statute then read that "no [tax] sale shall be set aside or held invalid unless the party objecting to the same shall bring his action to set aside such certificate or to test the validity of such sale within five years from the date of the sale." Laws 1875, *c.* 5, § 30. In this case there is an actual tax sale upon an actual tax judgment, (which, as the judgment of a domestic tribunal of superior jurisdiction, is certainly, even in a tax case, at least *prima facie* valid;) the sale is made in 1875, and this action, instituted to determine any and every claim of defendant to the sold property adverse to plaintiff, is brought in 1881. The plaintiff's attack is too late, and the tax sale must stand.

Judgment affirmed.