R. P. RUSSELL vs. FRANK GILSON.

January 31, 1887.

Tax Judgment — Jurisdiction — Publication of Delinquent Tax-List and Notice.—The publication of the delinquent tax-list and notice, as required by statute, is a jurisdictional prerequisite to the entry of any valid judgment against the property mentioned in the list; following *Eastman* v. *Linn,* 26 Minn. 215.

Same — Designation of Newspaper Essential. — The omission of the county board to designate the newspaper in which the publication shall be made, or the publication in any other than the one designated, will render any judgment entered thereon void.

Same—Designation held Insufficient.—The Minneapolis Tribune Company published two newspapers, one called "The Minneapolis *Daily* Tribune," and the other "The Minneapolis *Weekly* Tribune." The county board designated "The Minneapolis Tribune" as the paper in which the delinquent list and notice should be published. The publication was made in "The Minneapolis Weekly Tribune." *Held,* that there was no sufficient designation of the newspaper, and no legal publication of the list and notice.

The St. Paul, Minneapolis & Manitoba Ry. Co. instituted proceedings to condemn certain land in Hennepin county. An appeal from the commissioners' award was taken by R. P. Russell, which appeal was removed to Anoka county, and tried by a jury, upon whose verdict a judgment was entered, and the amount of the judgment was paid into court by the company. Thereupon a petition was filed by Frank Gilson, wherein he alleged himself to be owner of the land condemned, and therefore entitled to the money in the court, and prayed that it be paid to him.

Russell answered the petition, alleging title in himself, and the issues between the parties were tried by *Lochren, J.,* without a jury, and judgment ordered in favor of Russell. A new trial was refused, and Gilson appeals.

*Shaw & Cray,* for appellant.

*Smith & Reed,* for respondent.

MITCHELL, J. The view we take of this case renders it unnecessary to consider most of the questions discussed by counsel. The appellant claimed title to certain real estate, and now claims the proceeds in the hands of the court, under a tax title acquired under a tax judgment and sale in 1875 for the tax of 1874. The statute required that the newspaper in which the delinquent list and notice was to be published should be designated by resolution of the board of county commissioners, a copy of which resolution, certified by the county auditor, should be filed in the office of the clerk of the court. Laws 1874, c. 1, § 112.

Unlike "order of publication," the purpose of this resolution was not merely to direct how the notice and list should be served, but the resolution was itself intended as notice to the tax-payer, so that by examining it he might be able to ascertain with certainty in what newspaper to look to see whether any proceedings had been commenced against his land as delinquent. The publication of the list and notice, as required by the statute, is a jurisdictional prerequisite to the entry of any valid judgment against the property described in the delinquent list. This publication operates as a constructive service of the notice and list upon the party whose property is to be affected by the proceeding. To be effectual for any purpose, the mode of making it pointed out by the statute must be strictly complied with. An omission by the board to designate any newspaper, or a publication in any other than the one designated by it, would be fatal to any judgment entered thereon, because in such cases there would be no publication in the manner prescribed by statute. *Eastman v. Linn,* 26 Minn. 215, (2 N. W. Rep. 693;) *Hall v. County of Ramsey,* 30 Minn. 68, (14 N. W. Rep. 263.)

In the present case the evidence is that the board of county commissioners of Hennepin county designated "The Minneapolis Tribune"

as the paper in which the delinquent list and notice should be pub-. lished. The Tribune Company published two papers, one "The Minneapolis *Weekly* Tribune," and the other "The Minneapolis *Daily* Tribune." The delinquent list and notice was published in "The Minneapolis Weekly Tribune." In short, there was no paper of the name designated by the board, and the one in which the list and notice was published was not any paper designated by the resolution. It is immaterial that both papers were published by the same company. It is the newspaper, and not the publisher, that is required to be designated. Although a part of the name of each was common to both, yet the names of the two papers were just as different as if, for example, one had been called "The Minneapolis Commercial Tribune," and the other "The Minneapolis North Star Tribune." Even if it be assumed that the board, by their resolution, intended to designate one or the other of these two papers, yet it would be left in entire uncertainty as to which of the two was intended. In our opinion, there was no sufficient designation of a paper, and hence no legal publication, and consequently the court acquired no jurisdiction, and the judgment is void. No such question was presented to us in *Bower* v. *O'Donnall*, 29 Minn. 135, (12 N. W. Rep. 352.)

Counsel for appellant invokes the so-called limitation of the statute. (Laws 1874, *c.* 1, § 125, as amended by laws 1875, *c.* 5, § 30) which provides that "no sale shall be set aside or held invalid unless the party objecting to the same shall bring his action to set aside such certificate, or to test the validity of such sale, within five years from the date of the sale." *Sanborn* v. *Cooper*, 31 Minn. 307, (17 N. W. Rep. 856,) is decisive of this point against appellant. This limitation has reference merely to setting aside the sale. Under the tax law of 1874, the certificate was only evidence of the regularity of the *sale*, and before it could be introduced in evidence it was necessary to prove a judgment authorizing a sale. Hence it was held, in the case referred to, that it is incumbent on the holder of a tax certificate to prove a valid judgment before he is in position to invoke the aid of the statute; that it requires a valid judgment to set the statute in motion.

Order affirmed.