ORLANDO C. MERRIMAN and others *vs.* A. N. KNIGHT and others.

June 19, 1890.

**Taxes—Designation of Newspaper—Filing of Resolution.** — The filing, in the office of the clerk of the court, of a certified copy of the resolution of the board of county commissioners, designating the newspaper in which the delinquent-tax list is to be published, is a jurisdictional prerequisite to a valid publication of the list, and the omission to do so renders the judgment entered thereon void.

Ejectment for lands in Mille Lacs county, brought in the district court for that county, and tried by *Searle*, J., (a jury being waived,) who found that on May 27, 1884, the plaintiffs were owners in fee, and on that day paid to the county treasurer the taxes for 1883, being all the taxes then unpaid, and took his official receipt therefor. The county auditor, however, included the lands in the delinquent list filed in June, 1884, and published; judgment was rendered, and the lands were offered for sale thereunder, and were bid in by the state on September 16, 1884. On August 10, 1886, the defendants obtained an assignment of the interest of the state. The delinquent list was published in a newspaper properly designated for that purpose by resolution of the county board, but no copy of the resolution was ever filed in the office of the clerk of the district court. The court held that this omission made the tax judgment void, and ordered judgment for plaintiffs, which was entered, and the defendants appealed.

*Little & Nunn*, for appellants.

*Benton & Roberts*, for respondents.

MITCHELL, J. Gen. St. 1878, *c.* 11; § 72, provides that the newspaper in which the publication of the delinquent-tax list shall be made "shall be designated by resolution of the board of county commissioners, * * * a copy of which resolution, certified by the county auditor, shall be filed in the office of the clerk of the court." In *Eastman* v. *Linn*, 26 Minn. 215, (2 N. W. Rep. 693,) it was held that "the publication operates as a constructive service of

the notice and list upon the party whose property is to be affected by the proceeding, and, to be effectual for any purpose, the mode of making it pointed out by the statute must be strictly complied with." This was followed in *Russell* v. *Gilson*, 36 Minn. 366, (31 N. W. Rep. 692,) in which it was also said that the purpose of the resolution designating the paper is not merely to direct how the notice and list should be served, but was intended as notice to the tax-payer, so that, by examining it, he might be able to ascertain with certainty in what newspaper to look in order to see whether any proceedings had been commenced against his land. In both these cases the board had failed to pass any resolution properly designating the paper; in the present case, a proper resolution had been passed by the board, but no copy of it was filed in the office of the clerk of the court as required by the statute. But we can see no distinction in principle between the cases. The filing of a certified copy of the resolution with the clerk of the court is just as imperatively required by the statute as is the adoption of the resolution itself. Both are equally prerequisites to the publication of the list, and the one can no more be dispensed with or disregarded than the other. Both are designed, in part at least, for the benefit of the tax-payer by giving him notice in what paper he shall look to see whether proceedings have been commenced against his land. It is no answer to this to say that he may get this information by searching for the resolution in the records of the proceedings of the board as kept by their clerk. The statute requires it to be filed with the clerk of the court, and the tax-payer has a right to look there for it. The defendant urges, as a reason why the omission to file the resolution of the board with the clerk of the court should not be held jurisdictional, that where the county auditor designates the paper, upon the failure of the board to do so, the statute does not require his designation to be filed with the clerk. We are by no means prepared to concede that the provision as to filing with the clerk does not apply to a designation by the auditor as well as to one by the board. But, even conceding that it does not, the inference sought to be drawn from that premise by no means follows. If the legislature has in one case made a provision for the benefit of the tax-payer, which it has failed

to make in the other case, this is no ground for holding that the provision made in the former is immaterial or non-essential. In our opinion, the filing of this resolution with the clerk of the court was a jurisdictional prerequisite to a valid publication of the list, and the omission to do so renders the judgment entered thereon void.

Judgment affirmed.