STATE OF MINNESOTA v. CROSLEY PARK LAND COMPANY.[1]

December 13, 1895.

Nos. 9792—(116).

**Appealable Order—Vacating Judgment.**

The court, on motion of the defendant, made an order vacating a judgment, as being unauthorized. Subsequently, upon an order to show cause obtained by the plaintiff, the court made an order setting aside its previous order, and further ordering that defendant's motion to vacate the judgment stand "open and for trial, to be heard before this court upon due notice by either party." *Held*, that the latter order was not appealable.

[1] Reported in 65 N. W. 268.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., setting aside a former order and directing that a certain application of defendant stand for trial. Dismissed.

*M. Douglas*, for appellant.

*Geo. E. Arbury*, for respondent.

MITCHELL, J.  In proceedings to enforce collection of real-estate taxes for 1892, judgment was entered, on March 20, 1894, in default of answer, against certain real estate of the Crosley Park company, which will hereafter be called the defendant. At the tax judgment sale in the following May the land was bid in for the state. On May 25, 1895, the defendant made a motion to vacate the judgment and all proceedings thereunder, on the ground that it was void for want of jurisdiction of the court to render it. The first publication of the delinquent list was on February 12, and the last on February 19, 1894. Upon the hearing of the motion, it appeared, from the certificate of the clerk of the court indorsed thereon, that the copy of the resolution of the board of county commissioners designating the newspaper in which the delinquent list was to be published was filed in his office on February 20, 1894, and, no question being made as to the correctness of this certificate, the court granted defendant's motion. See Merriman v. Knight, 43 Minn. 493, 45 N. W. 1098. Shortly afterwards, counsel for the state discovered, as he alleges, that the date contained in the clerk's certificate was erroneous, that the copy of the resolution was in fact filed January 20, and that the wrong month was inserted by clerical mistake. Upon affidavits tending to show that fact, he obtained an order on defendant to show cause why the order setting aside the judgment should not be vacated. Upon the return day of the order to show cause the court made the following order: "It is ordered that the order heretofore made on * * * in the above-entitled action * * * be, and the same is hereby, vacated, set aside and expunged from the record. It is further ordered, that the application of the defendant for an order declaring the judgment in the above-entitled action * * * null and void be, and the same does, hereby stand open and for trial, to be heard before this court upon due notice by either party." The appeal is from this order.

Upon the first day of the term we denied the motion of the state

to dismiss the appeal on the ground that the order was not appealable. Either from the manner in which the question was presented to us by counsel, or from our own inadvertence, we had the erroneous impression that the order appealed from was one absolutely vacating a previous one setting aside a judgment, which would clearly be appealable. It would be equivalent to an order refusing to vacate a judgment. See Piper v. Johnston, 12 Minn. 27 (60). But, upon consideration of all its provisions, we are clear that this is not the nature or effect of the order under consideration. It is not either an order denying defendant's motion or one absolutely and permanently vacating the prior order and reinstating the judgment. It merely vacates the prior order for the purpose of a rehearing of defendant's motion to vacate the judgment, which stands to be heard on its merits. Upon that motion the court has not yet passed. Hence, we are clearly of opinion that it is not an appealable order, under either the third, fifth, or sixth subdivisions of G. S. 1894, § 6140. The result is that the appeal must be dismissed.

With reference to further proceedings on defendant's motion to vacate the tax judgment, which, under the order of the court, is still pending and undetermined, we may add the following suggestions: The filing of an instrument consists, not in the indorsement or certificate of the officer, but in its being delivered to and accepted by him for the purpose of being placed and kept in his office as a permanent record or file. It is, therefore, the fact of filing, and not the clerk's certificate of the fact, that, in this case, constituted the jurisdictional prerequisite to the publication of the delinquent list. If the clerk made a mistake in his indorsement as to the date of filing, it is a mere clerical error, and amendable, even although it may be as to a matter going to the jurisdiction of the court to render a judgment. Burr v. Seymour, 43 Minn. 401, 45 N. W. 715. But, as long as this certificate stands, it is the best and highest evidence of the fact, as well as date, of filing; and parol evidence is inadmissible merely for the purpose of contradicting it, but is admissible to show the mistake, for the purpose of having it corrected or amended. Counsel for the state would seem to have proceeded upon the theory that he could allow the clerk's certificate to stand without amendment, and still contradict it by parol evidence.

Appeal dismissed.