CONTINENTAL TRUST COMPANY, APPELLEE, V. HARVEY LINK ET AL., APPELLANTS.

FILED MAY 10, 1907. No. 14,794.

Newspapers: NOTICE OF TAX SALES. Where a board of county commissioners enters into a contract with a newspaper of general circulation for the publication of legal advertisements for a year, and for succeeding years recognizes and deals with it as the official paper of the county, such paper is, for the purpose of publication of notices of tax sales, a paper "designated by the board of county commissioners," as required by section 109, art. I, ch. 77, Comp. St. 1897.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. Affirmed.

H. W. Pennock, for appellants.

H. P. Leavitt, contra.

OLDHAM, C.

This was an action to foreclose a tax sale certificate upon certain lands situated in Douglas county, Nebraska, and covered the regular taxes for the years 1895, 1896, and 1897. The validity of the taxes is conceded, but the validity of the sale at which the certificate was issued is denied, for the reason that the notice of the sale was not published in a newspaper of general circulation which had been designated by the board of county commissioners of Douglas county. The defendants tendered the amount of the taxes, less the penalties which would attach if the sale were valid. The trial court held the sale valid, and rendered judgment accordingly for the amount prayed for in plaintiff's petition, and to reverse this judgment the defendants appeal.

There is no dispute as to the fact that the notice of sale by the treasurer was published for the statutory period in the Omaha Evening Bee, and it is admitted that the Bee is a paper of general circulation in Douglas county, but it is contended that the notice was invalid because the Bee had not been designated for such publication by the board of county commissioners in the year 1898. It appears from the evidence that on March 5, 1896, the board of county commissioners entered into a contract with the Bee Publishing Company, which covered all the legal advertising of the county "that may by law or by the board of county commissioners be required during the year 1896, and until a similar contract shall have been entered into by the party of the first part for the next ensuing year." No new contract was entered into with any other newspaper for legal publications by the county board for either the year 1897 or 1898, nor was there any attempted designation of any official paper by the board for these two years. At the date of the tax sale the revenue law of 1879 was still in force, and so much of section 109, ch. 77, art. I, Comp. St. 1897, as requires notice of tax sales to

be published by the treasurer "in a newspaper in his county having a general circulation therein; which newspaper shall be designated by the board of county commissioners," is relied upon to support defendants' contention of the illegality of the sale.

There is no doubt that a notice in fair compliance with the provisions of this section of the statute lies at the foundation of a legal tax sale, so that the question to be determined is whether or not the notice in the case at bar was made in substantial conformity with the requirements of this act. No newspaper had been designated specially by the board for the year in which the publication was made. If one had been, and the treasurer had ignored this designation and placed the notice in another paper, a different question would arise, because such an act would fly in the face of his plain statutory directions. No contract was entered into by the county board with any newspaper during the years 1897 and 1898, but it appears from the record that the Bee continued to act as the official paper of the county and was so recognized by the county board during these years. It appears that each of the parties to the contract of 1896 construed it as extending until a new contract should be entered into, because payment was made to the Bee Publishing Company for publications by the county board in 1898 in accordance with the terms of the contract of 1896. Under these circumstances, the Bee was the official paper of the county, at least *de facto*, if not *de jure*, for the years 1897 and 1898. *Wright v. Forrestal*, 65 Wis. 341.

As no other question is involved, we recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.