## WILLIAM C. FOSTER v. SIMON P. BRICK.[1]

April 18, 1913.

Nos. 18,011—(27).

**Correction of filing date — discretion of court.**

> Evidence on an application to the district court to compel its clerk to correct the filing date indorsed upon the copy of the county board's resolution designating a newspaper in which to publish the delinquent tax list for a certain year considered, and *held* not such as to require the lower court to grant the relief demanded, so as to constitute its denial of the application an abuse of its discretion in the premises.

In the matter of proceedings in the district court for Morrison county to enforce payment of real estate taxes delinquent in January, 1908, William C. Foster obtained an order directed to the clerk of that court requiring him to strike from the certified copy of a certain resolution filed by the county auditor the indorsement on the back thereof to the effect that the same was filed on February 25, 1908, and to indorse thereon the fact that the same was filed on February 3, 1908, or to show cause why he had not done so. August Berg, whose real estate would be affected by such change, appeared specially and moved to dismiss. The matter was heard before Taylor, J., who denied the motion. From the order denying the application, William C. Foster appealed. Affirmed.

*William G. White,* for appellant.

*A. H. Vernon,* for respondents.

[1] Reported in 141 N. W. 101.

PHILIP E. BROWN, J.

At the tax sale held in Morrison county in May, 1908, one William C. Foster purchased certain tax certificates. At that time William A. Butler was county auditor and S. P. Brick was the clerk of the court of said county. The certified copy of the county board's resolution designating the newspaper in which the delinquent tax list should be published was attested by the auditor on February 1, 1908, but was indorsed as filed in the office of the clerk of the court on February 25 thereafter. Said Foster, upon affidavits setting out the facts recited, and further that the copy of the resolution was in fact filed with the clerk not later than February 3, moved the court for an order directing the clerk to strike the file mark from such copy and to indorse thereon that the same was filed February 3, 1908. This application was resisted by August Berg, the record owner of a tract of land covered by one of the tax certificates mentioned, and also by the said clerk of court. The motion was heard wholly upon affidavits and documentary evidence, and was by the court in all things denied. Foster appealed.

It is conceded, for the purposes of this application, that if the copy of the resolution referred to was not filed prior to February 20, then the tax judgment forming the basis of the applicant's tax certificate is void; but the applicant's contention is that the copy of the resolution in question was in fact filed prior to such date, that such appeared from the moving papers, and that therefore the court erred in denying the application to correct the indorsement of the time of filing, so as to make it conform to the facts thus disclosed.

The only question presented is whether the trial court erred in holding that the evidence was insufficient to justify an order requiring the clerk to change his record as demanded; the jurisdiction of the court to entertain the application and its power to order such a correction being unquestioned and unquestionable. See State v. Crosley Park Land Co. 63 Minn. 205, 207, 65 N. W. 268; Burr v. Seymour, 43 Minn. 401, 45 N. W. 715, 19 Am. St. 245; Berthold v. Fox, 21 Minn. 51.

We agree with the appellant in his contention that, as declared in State v. Crosley Land Co. supra, "the filing of an instrument con-

sists, not in the indorsement or certificate of the officer, but in its being delivered to and accepted by him for the purpose of being placed and kept in his office as a permanent record or file." The date of filing indorsed by the filing officer is, however, prima facie the date of actual filing, and must control until it has been shown by competent evidence to be incorrect (State v. Crosley Park Land Co. supra), and the rule as to the quantum of proof is that the evidence of error must be clear and free from doubt (Bilansky v. State, 3 Minn. 313 [427]; Berthold v. Fox, supra; 1 Dunnell, Minn. Digest, § 3473; 34 Cyc. 591), especially where, as in the present case, the change, if made, will have a general operative effect not limited to the parties presently urging or resisting the application to correct. Furthermore, the granting or refusing of an application to a court "to amend its records by correcting the clerical errors and misprisions of its clerk * * * rests in the sound discretion of the court, and its action will not be revised unless that discretion is abused." Berthold v. Fox, supra, at p. 55. This is merely a specific application of the rule governing this court's functions in reviewing a trial court's determination of questions of fact, with the additional limitation upon the scope of such review incident to the peculiar nature of the relief demanded. The fact that, as suggested by the appellant, the relief sought goes to the upholding of a judgment, does not affect the function of this court upon such a review; such still and always being to determine whether the evidence clearly and manifestly required a determination contrary to that reached by the lower court. Holien v. Slee, 120 Minn. 261, 139 N. W. 493, 494.

In the case before us the direct testimony upon the fact in issue was squarely in conflict. Brick, the clerk of court who made the indorsement in question, testified to the effect that it was correct, and that the paper on which it was made was filed in his office on February 25, 1908; while Butler, the county auditor, testified that he filed the same not later than February 3 of such year. It is true that Brick's statement was somewhat weakened by a prior admission, in a letter from him to the applicant's counsel, that "it is probable that the resolution was brought in my office and remained on my desk a few days before the filing was put on, but as a rule I put the filing mark on the same

day as received;" but Butler's testimony must also be considered in the light of the fact that the affidavit in which it is found was sent to the applicant's attorney in response to a letter suggesting liability in damages for the alleged delay in making the filing, unless a correction of the filing date as indorsed by the clerk could be obtained. Both affidavits were prepared by counsel for interested parties, and the presumptions in favor of the performance of official duty were at least equal as between the two officers.

We cannot say that the evidence was such that the court was required to order the correction of the record demanded, nor that its discretion in the premises was abused.

Order affirmed.