# WILLIAM C. FOSTER v. AUGUST BERG.[1]

October 17, 1913.

Nos. 18,305—(31).

**Taxation — resolution designating newspaper — failure to file copy.**
   1. Section 908, R. L. 1905, intends that the certified copy of the resolution designating the newspaper for the publication of the delinquent list in a tax proceeding shall be filed with the clerk prior to the first publication. The failure so to file is jurisdictional; and without such filing the judgment is invalid.

**Defect not cured by statute.**
   2. Section 914, R. L. 1905, which provides that jurisdiction shall not be affected by certain irregularities, errors and mistakes, nor by a mistake in designating the newspaper, does not cure the jurisdictional defect arising from a failure to file the certified copy prior to the first publication.

Action in the district court for Morrison county under R. L. 1905, § 972, to quiet title. The answer of August Berg alleged that he was owner in fee simple of the land described. The case was tried before Nye, J., who made findings and ordered judgment that defendant Berg was owner in fee, subject only to the lien for taxes held by plaintiff, and ordered that the land be sold to satisfy the lien. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*William G. White,* for appellant.

*A. H. Vernon,* for respondent.

DIBELL, C.

The plaintiff, the holder of a tax certificate, brought this action under R. L. 1905, § 972, to quiet title. The court found that the plaintiff's tax title was invalid; that the defendant was the owner in fee; and it gave the plaintiff a lien pursuant to the provisions of said

[1] Reported in 143 N. W. 354.

section. The plaintiff appeals from an order denying his motion for a new trial. The validity of his tax title is the only question.

1. Section 908, R. L. 1905, requires a certified copy of the resolution designating the newspaper for the publication of the delinquent list to be filed with the clerk of the district court. It has always been held that the designation of the newspaper is a jurisdictional requirement. Eastman v. Linn, 26 Minn. 215, 2 N. W. 693. In Merriman v. Knight, 43 Minn. 493, 45 N. W. 1098, where a resolution was adopted but a certified copy was not filed, it was said that the filing was a prerequisite to the publication of the list. In State v. Crosley Park Land Co. 63 Minn. 205, 65 N. W. 268, and in Foster v. Brick, 121 Minn. 173, 141 N. W. 101, the latter case involving the filing of the same certified copy as is here involved, it was assumed that the certified copy should be filed prior to the publication of the delinquent list.

In the case before us the resolution was adopted at the Jaunary, 1908, meeting of the county board. The delinquent list was published on February 14 and February 21. The certified copy was filed on February 25. Judgment was entered on March 13. The precise question now presented has never been decided. We now hold that the statute intends the filing of the certified copy prior to the first publication of the delinquent list; that such filing is jurisdictional; and that without such filing there is no valid judgment.

2. Section 914, R. L. 1905, provides that jurisdiction shall not be affected by certain irregularities, mistakes and errors, nor by any mistake "in the designation of the newspaper wherein such list is published." This statute renders certain irregularities, errors and mistakes harmless; but it does not cure jurisdictional defects. Foster v. Gage, 117 Minn. 499, 136 N. W. 299. It does not give validity to the plaintiff's tax title.

Order affirmed.