John K. Stephens, *et al., Plaintiffs in Error,* v. J. E. Futch, *Defendant in Error.*

Opinion Filed March 24, 1917.

1. A failure to comply strictly with those provisions of tax laws which are intended for the guidance of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected,

will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and a disregard of them might and generally would injuriously affect his rights, they cannot be disregarded, and failure to comply with them will render the proceeding invalid.

2. Under the provision of Section 5 of Article VIII of the Constitution, that powers and duties of county commissioners "shall be prescribed by law," the authority of such officials is only such as may be conferred by statutory regulations.

3. The provision of Section 50 of Chapter 5596 of the Laws of Florida (Acts of 1907, p. 27), Compiled Laws of 1914, Section 558, that notice of tax sales shall be published in a newspaper "to be selected by the Board of County Commissioners at their first regular meeting in February of each year" requires such newspaper to be selected annually and such requirement is not met by the Board of County Commissioners making an order wherein a certain named newspaper was designated the county official paper to continue for the full term of two years, as the County Commissioners are not authorized to designate a "county official paper," but only to select the newspaper in which the delinquent tax list is to be published.

4. The statutory provision as to the selection of a newspaper in which the delinquent tax list is to be published was designed, in part at least, for the benefit of the tax-payer by giving him notice in what paper he shall look to see whether proceedings have been commenced against his land, and a failure to comply with such provision will render the further proceedings invalid.

Writ of Error to Circuit Court for Bradford County; Jas. T. Wills, Judge.

Judgment reversed.

*W. S. Broome,* for Plaintiffs in Error;

*Joe Hill Williams* and *J. E. Futch,* for Defendant in Error.

SHACKLEFORD, J.—J. E. Futch instituted an action of ejectment against John K. Stephens and R. B. Roberts for the recovery of the possession of lot one and the north half of lot two of block thirty-nine in Worthington, in section thirty-two, township six south, range nineteen east. The declaration is in the usual statutory form, to which the defendants filed a plea of not guilty. A jury was waived and the case tried before the Circuit Judge upon an agreed statement of facts, which resulted in a finding and judgment in favor of the plaintiff. The judgment has been brought here by the defendants for review.

We see no occasion to set out the agreed statement of facts. It is sufficient to state that the plaintiff's title is based upon a tax deed executed to him on behalf of the State of Florida by W. T. Weeks, the Clerk of the Circuit Court in and for Bradford County, on the 22nd day of March, A. D. 1915. This tax deed embraces several different parcels of land, covered by different tax certificates, and includes the two parcels in question as having been covered by Certificate No. 169, assessed to John K. Stephens. All of such lands are stated therein to have been sold by the Tax Collector of Bradford County on the first day of July, A. D. 1912, for unpaid taxes for the year 1911. Nine errors are assigned, but the plaintiff and the defendants agree that only two points are presented for determination, which are stated in the briefs as follows: "One is whether or not the failure of a Board of County Commissioners to select at a proper time, in each year, a newspaper in which to publish the delinquent tax list, as provided by Section 50 of Chapter 5596, Acts of 1907, Section 558 Compiled Laws, 1914, is a fatal defect and

such as will invalidate a tax deed issued on a certificate for the sale of lands for unpaid taxes in that year.

"The other main question is, whether or not at a sale of land for unpaid taxes under the provisions of said Section 50, Chapter 5596, Acts of 1907, aforesaid, there can be added to the tax upon the land the taxes due by the same person upon the personal property, assessed to him upon the same assessment roll and such land can be sold under said Section 50, for the unpaid tax upon both the real and personal property; in other words, can you add the tax for personal property to the land and sell the land for both the tax on real estate and personal property, under this section of the law? These are the main issues to be reviewed or decided by this Court."

The agreed statement of facts upon which the cause was submitted for determination contains the following statement: "It is agreed that the minutes of the Board of County Commissioners of Bradford County, Florida, do not show that they selected any newspaper at any time during the year 1912, in which to publish a sale of real estate in the year 1912, for the unpaid taxes of 1911, as provided by Sec. 50, Chapter 5596, Acts of 1907.

"It is agreed that the said Board of County Commissioners did, at their regular meeting in January, 1911, pass the following order, to-wit: 'The Bradford County Telegraph was designated the County official paper to continue for the full term of two years, and the Clerk was instructed to notify the Secretary of State the action of said Board.'

"That said order constitutes the only action of said Board in selecting any newspaper until after the expiration of the year 1912, so far as shown by the minutes of said Board. The notice of tax sale in 1912 was published in the Bradford County Telegraph."

The statute regulating the selection of a newspaper in which the advertisement of the tax sale was to be published, then in force, was Section 50 of Chapter 5596 of the Laws of Florida, (Acts of 1907, p. 27,) Compiled Laws of 1914, Section 558, which reads as follows: "If the taxes upon any real estate shall not be paid before the first day of April of any year, the Tax Collector shall advertise and sell in the manner following: He shall make out a statement of all such real estate, specifying the amount due on each parcel, together with the cost of advertising and expense of sale, in the same order in which the land was assessed, and such list shall be published once each week for five consecutive weeks in some newspaper published in the county, if there be a newspaper, said newspaper to be selected by the Board of County Commissioners at their first regular meeting in February of each year, and the newspaper so selected shall have been continuously published in the county for a period of not less than one year prior to its selection; Provided, That should there be no such newspaper a newspaper published for a less period of time may be selected, and if there be no such newspaper published in the county, then by posting in three public places in the county, one of which shall be at the court house, and the newspaper's charge for advertising shall be fifteen cents per line for the five insertions, per single column, and the Tax Collector shall receive the same for posting at three public places, but in neither case shall there be any charge for the head notice; Provided, That this act shall not apply to lands sold for non-payment of taxes for the year 1906. The Comptroller is authorized to audit said publisher's charges and draw his warrant for same out of any moneys in the Treasury not otherwise appropri-

ated.   The editor, publisher or owner shall have attached
to his account an affidavit that he has not directly or indi-
rectly paid or promised to pay any Tax Collector or any
other person any consideration whatever, or any compen-
sation of any description for having said tax notice pub-
lished in his paper."

We had occasion to discuss this statute in Townsend
v. Brown, 69 Fla. 155, 67 South. Rep. 869, wherein we
held: "The provision of the statute requiring a publica-
tion in a newspaper, 'said newspaper to be selected * *
* in February,' is not mandatory as to the time of the se-
lection, but the duty continues till properly performed."
We also held therein:   A failure to comply strictly
with those provisions of tax laws which are intended for
the guidance of officers in the conduct of business de-
volved upon them, designated to secure order, system and
dispatch in proceedings, and by a disregard of which
rights of parties interested cannot be injuriously affected,
will not usually render the proceedings void; but where
the requisites prescribed are intended for the protection
of the citizen, and to prevent a sacrifice of his property,
and a disregard of them might and generally would in-
juriously affect his rights, they cannot be disregarded,
and failure to comply with them will render the proceed-
ing invalid.   In this holding we followed our prior de-
cisions in Starks v. Sawyer, 56 Fla. 596, 47 South. Rep.
513, and Clark-Ray-Johnson Co. v. Williford, 62 Fla.
453, 56 South. Rep. 938.   Also see Hightower v. Hogan,
69 Fla. 86, 68 South. Rep. 669.   In Parker v. Evening
News Publishing Co., 54 Fla. 544, text 548, 45 South.
Rep. 309, we held that under the provisions of Section
5 of Article VIII of the State Constitution, as amended,
the powers and duties of County Commissioners are
purely statutory, and cited in support of such holding

Board of Commissioners of Escambia County v. Board of Pilot Commissioners of Port of Pensacola, 52 Fla. 197, 42 South. Rep. 697, 120 Amer. St. Rep. 196. We also held in Parker v. Evening News Publishing Co., *supra*, that "The County Commissioners are not required to make a contract for the public printing but only to select the newspaper in which the delinquent tax list is to be published." In Bowden v. Ricker, 70 Fla. 154, 69 South. Rep. 694, we held that "Under the provision of Section 5 of Article VIII of the constitution, that powers and duties of county commissioners 'shall be prescribed by law,' the authority of such officials is only such as may be conferred by statutory regulations." It necessarily follows from the reasoning and holding in these cited cases that the county commissioners were not authorized or empowered to select or designate "the county official paper," as was attempted to be done in the instant case, but only to select the newspaper in which the delinquent tax list shall be published. In City of Orlando v. Equitable Building & Loan Association, 45 Fla. 507, 33 South. Rep. 986, we held: "The official publication of notice of tax sales in two newspapers, where the law requires it to be published officially in one only, renders the sales invalid." In the same case we also held: "Failure to comply strictly with those provisions of tax laws which are intended for the guide of officers in the conduct of business devolved upon them, designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected, will not usually render the proceedings void; but where the requisites prescribed are intended for the protection of the citizen and to prevent a sacrifice of his property, and a disregard of them might and generally would injuriously affect his rights, they can not be disre-

garded, and failure to comply with them will render the proceedings invalid." As is said in Black on Tax Titles (2nd Ed.) section 212 on page 267, "The statutes commonly provide that the newspaper in which the delinquent list and tax sale notice are to be published shall be designated by the authorities of the county or city. This requirement is mandatory. Without a proper and sufficient designation of the paper selected for this purpose, made by the officers or board charged with this duty, there can be no lawful publication, and consequently no validity in any of the further proceedings." See Eastman v. Linn. 26 Minn. 215, 2 N. W. Rep. 693; Powers' Appeal, 29 Mich. 504; Wren v. Nemaha Co., 24 Kans. 301; Hall v. County of Ramsey, 30 Minn. 68, 14 N. W. Rep. 263; Russell v. St. Paul, M. & M. Ry. Co., 36 Minn. 366, 31 N. W. Rep. 692; Brown v. Corbin, 40 Minn. 508, 42 N. W. Rep. 481; Merriman v. Knight, 43 Minn. 493, 45 N. W. Rep. 1098; State v. Cronin, 75 Neb. 738, 106 N. W. Rep. 986; Cronin v. Cronin, 94 Neb. 353, 143 N. W. Rep. 214. Evidently the statutory provision as to the selection of a newspaper in which the delinquent tax list was to be published was "designed, in part at least," as was said in Merriman v. Knight, *supra*, "for the benefit of the tax-payer by giving him notice in what paper he shall look to see whether proceedings have been commenced against his land." We are constrained to the conclusion that it clearly appears from the agreed statement of facts that there was not a compliance with the statutory requirement by the county commissioners as to the selection of a newspaper for the publication of the delinquent tax list, therefore there can be no validity in any of the subsequent proceedings based upon such publication, and the tax deed must be held to convey no title. We have examined Continental Trust Co. v. Link, 79 Neb.

29, 112 N. W. Rep. 352, cited to us by the defendant in error, but cannot follow the reasoning which leads to the conclusion announced therein.

Having found that the tax deed conveyed no title to the defendant in error by reason of the fatal defect in the proceedings which we have pointed out, there is no occasion to determine the other point presented.

Judgment reversed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.