STATE v. SOPHIA WHITESIDE AND OTHERS.[1]

March 7, 1952.

No. 35,607.

[1]Reported in 52 N. W. (2d) 127.

*J. A. A. Burnquist,* Attorney General, *George B. Sjoselius,* Deputy Attorney General, and *A. J. Sullivan,* County Attorney, for the State.

*Johnson & Bruess* and *Wheeler & Burns,* for Roger V. Whiteside and others, respondents.

*Thomas J. Naylor,* County Attorney for St. Louis county, filed a brief as *amicus curiae* on behalf of the County Attorneys Association of the State of Minnesota.

LORING, CHIEF JUSTICE.

This is an action by the state of Minnesota to determine adverse claims to property in Crow Wing county. The state claims title by way of tax-forfeiture proceedings in which it bid in the lands. Respondent taxpayers, whose lands were bid in by the state, alleged in their answers certain defects in the tax-forfeiture proceedings and deposited with the clerk of the district court a sum of money to cover taxes, penalties, interest, and costs.

The trial court held that because of jurisdictional defects in the tax-forfeiture proceedings respondents were the owners in fee simple of the land in controversy, subject to the state's lien for taxes, penalties, interest, and costs. The state has appealed from the court's order denying its motion for a new trial.

The state alleged that the property was forfeited for taxes for the year 1929, which became delinquent on the first Monday in January 1931. Following that date, proceedings were instituted to have the properties sold for the delinquent taxes, and they were bid in by the state.

January 6, 1931, the board of county commissioners duly adopted a resolution designating the newspaper in which the delinquent list and notice of forfeiture sale for that year were to be published. However, the county auditor failed to file the resolution with the

clerk of the district court immediately, as required by M. S. A. 279.08 (subsequently amended by L. 1951, c. 505, § 2). He waited until after the first publication of the list to file the resolution. The first publication was on February 20; the resolution was filed with the clerk February 26; and the second and last publication of the list and notice was on February 27. Respondents allege this failure by the auditor to file the resolution before the first publication to be one of the defects in the tax-forfeiture proceedings. While the state has assigned numerous errors, if such failure by the auditor was fatal to the jurisdiction of the court so as to render the judgment and the sale void, it disposes of the case.

■ Section 279.08 requires the board of county commissioners, at its annual meeting in January, to designate by resolution a newspaper of general circulation throughout the county for the publication of the notice of sale and the list of real estate remaining delinquent on the first Monday of January. If the county board fails to designate a newspaper, the auditor shall thereupon designate the same in writing and immediately file such writing in his office and a certified copy thereof with the clerk of the district court.

What is the purpose of filing the resolution with the clerk? In Russell v. Gilson, 36 Minn. 366, 367, 31 N. W. 692, 693, Mr. Justice Mitchell, speaking for the court, stated that—

"the purpose of this resolution was not merely to direct how the notice and list should be served, but the resolution was itself intended as notice to the tax-payer, so that by examining it he might be able to ascertain with certainty in what newspaper to look to see whether any proceedings had been commenced against his land as delinquent. The publication of the list and notice, as required by the statute, is a jurisdictional prerequisite to the entry of any valid judgment against the property described in the delinquent list. This publication operates as a constructive service of the notice and list upon the party whose property is to be affected by the proceeding. To be effectual for any purpose, the mode of making it pointed out by the statute must be strictly complied with."

In Merriman v. Knight, 43 Minn. 493, 45 N. W. 1098, Mr. Justice Mitchell referred to the Russell case with approval, emphasizing that the resolution was intended as notice to the taxpayer so that he might know what newspaper to examine in order to ascertain whether proceedings had been commenced against his land. In the Merriman case, a proper resolution had been passed by the county board, but no copy of it was filed in the office of the clerk of the district court as required by statute. This court there held (43 Minn. 494, 45 N. W. 1098):

"* * * The filing of a certified copy of the resolution with the clerk of the court is just as imperatively required by the statute as is the adoption of the resolution itself. Both are equally prerequisites to the publication of the list, and the one can no more be dispensed with or disregarded than the other. Both are designed, in part at least, for the benefit of the tax-payer by giving him notice in what paper he shall look to see whether proceedings have been commenced against his land. It is no answer to this to say that he may get this information by searching for the resolution in the records of the proceedings of the board as kept by their clerk. The statute requires it to be filed with the clerk of the court, and the tax-payer has a right to look there for it. * * * In our opinion, the filing of this resolution with the clerk of the court was a jurisdictional prerequisite to a valid publication of the list, and the omission to do so renders the judgment entered thereon void."

In Foster v. Berg, 123 Minn. 180, 143 N. W. 355, this court had before it a case where the resolution of the county board was adopted in January 1908. The delinquent list was published on the following February 14 and February 21. A certified copy of the resolution was filed with the clerk of the district court on February 25, after both publications. The court, after stating that the precise question then presented had never been decided, said (123 Minn. 181, 143 N. W. 355):

"* * * We now hold that the statute intends the filing of the certified copy prior to the first publication of the delinquent list;

that such filing is jurisdictional; and that without such filing there is no valid judgment."

Since, in the eyes of the legislature and of this court, the filing of the certified copy of the resolution with the clerk of the district court is part of the notice prescribed for the benefit of the delinquent taxpayer, it is as vital to the acquisition of a valid judgment as the publication of the delinquent list itself.

▮ The holdings by this court that the filing of a resolution with the clerk is, in part at least, provided as notice to the taxpayer and is therefore vital to the jurisdiction is important in the construction of the statutes relied upon by the state as curing the defect in procedure which we have under consideration. In Foster v. Berg, *supra*, R. L. 1905, § 914 (now M. S. A. 279.14), was cited by the court on the problem whether that statute cures jurisdictional defects. The court said (123 Minn. 181, 143 N. W. 355):

"* * * This statute renders certain irregularities, errors and mistakes harmless; but it does not cure jurisdictional defects. Foster v. Gage, 117 Minn. 499, 136 N. W. 299. It does not give validity to the plaintiff's tax title."

*Amicus curiae* asserts that the cases prior to the Foster cases construed § 279.14 more liberally. None of the cited earlier cases deals with the defect dealt with in this opinion. Section 284.09 specifically excepts jurisdictional defects from the terms of its provisions. Section 284.22 provides that the state's title shall not be held to be invalid unless the defect is fatal to the jurisdiction or the rights of the owner are substantially prejudiced. Therefore, by the very terms of the statutes upon which the state relies, those statutes do not apply to the defect here under consideration and do not bar taxpayers from asserting this jurisdictional defect.

The contention of the state is that the legislature might have prescribed less procedure than it did in order for the court to acquire jurisdiction, and, had it done so, that such procedure might still have met the requirements of due process. We need not decide whether a lesser statutory requirement would be a violation of due

process. In these proceedings in rem, the court acquires jurisdiction only upon compliance with the statutes. The legislature has been liberal in setting up a simple procedure for the giving of notice and the acquisition of jurisdiction. We cannot lessen the requirements set out by the statutes.

In the Merriman case, defendant urged, as a reason why the omission to file the resolution with the clerk should not be held jurisdictional, that where the county auditor designates the newspaper upon the failure of the board to do so, the statute does not require his designation to be filed with the clerk. This court said, speaking through Mr. Justice Mitchell (43 Minn. 494, 45 N. W. 1098):

"* * * We are by no means prepared to concede that the provision as to filing with the clerk does not apply to a designation by the auditor as well as to one by the board. But, even conceding that it does not, the inference sought to be drawn from that premise by no means follows. If the legislature has in one case made a provision for the benefit of the tax-payer, which it has failed to make in the other case, this is no ground for holding that the provision made in the former is immaterial or non-essential."

This court has never held that any provision made by the legislature in the procedure which it prescribes for the benefit of the taxpayer could .be ignored or held to be immaterial to the acquisition of jurisdiction.[2] Certainly, none of the statutes cited by the state attempts to so provide.

The order appealed from is affirmed.

[2]"* * * Where, however, a statute makes certain requirements as to the giving of notice and the statute is not fully complied with, with the result that there is substantially less likelihood that the defendant will receive notice, the judgment may be void even though the notice actually given would have been sufficient if the statute had so provided." Restatement, Judgments, § 8. Morris v. Mouchette, 240 Ala. 349, 199 So. 516; Elliott v. Clement, 175 Or. 44, 149 P. (2d) 985, 151 P. (2d) 739.