No. 17,887.

BLUE RIVER COMPANY *v.* F. S. RIZZUTO.
(312 P. [2d] 1023)

Decided June 17, 1957. Rehearing denied August 5, 1957.

Mr. RICHARD M. DOWNING, JR., Mr. RICHARD M. SCHMIDT, JR., for plaintiff in error.

Mr. ROBERT A. THEOBALD, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE plaintiff in error was one of the defendants in an action brought by Rizzuto to quiet title to three placer claims and other mining property in Summit County, Colorado. The Blue River Company was the only defendant to appear and contest the plaintiff's right to title, all other defendants either permitting judgment to be entered against them by default or filing disclaimers.

Trial below was to the court. There a judgment and decree was entered in favor of Rizzuto and against Blue River Company, to which judgment and quiet title decree the company brings error seeking reversal.

The parties will be referred to by name or as they appeared in the trial court.

Counsel for Blue River cite many points for reversal, but since one of them is jurisdictional, a decision thereon disposes of the matter, and we need not take up the other points listed in the summary of argument.

SOLE QUESTION DETERMINED:

*Does the failure of the County Commissioners to select a newspaper of general circulation, published in said county, in which the treasurer shall publish the delinquent tax list, invalidate a subsequent tax sale and treasurer's tax deed?*

The question is answered in the affirmative.

The pertinent provisions of the statute governing the issue raised in this litigation are C.R.S. '53, 137-10-2 and 137-10-5, which state:

"The treasurer shall cause said notice [to delinquent owner] to be published in the newspaper which has been awarded the contract by the county commissioners, the first publication, etc. * * *

* * *

"Selection of newspaper publishing notice.—It *shall be the duty* of the board of county commissioners of each county *to select* a newspaper of general circulation published in said county, in which the treasurer shall publish the delinquent tax list of their respective counties, and for such service the commissioners shall allow payment, not exceeding the rate as provided by law." (Emphasis supplied.)

The uncontradicted evidence on this point is clear. The county commissioners did not make a selection of the Summit County Journal, the paper in which the delinquent tax list was published as provided in C.R.S. '53, 137-10-5, supra. Moreover, the owner of the Journal testified that there was no contract entered into between him and the county commissioners as provided in C.R.S. '53, 137-10-2.

The precise point has not arisen in this state heretofore. Counsel for Rizzuto urges that the holding in

*Board· of Commissioners of Costilla County v. Wood,* 80 Colo. 279, 250 Pac. 860, is controlling. We do not believe· that case to be in point. True the case involved the interpretation of the two sections of the statute under consideration here, but the facts differ in that the county commissioners in Costilla County in fact *had selected* the newspaper as the one in which the delinquent tax list should be published· pursuant to C.R.S. '53, 137-10-5, but did not award the newspaper a separate contract at the time of the publication. Interpreting the two statutes together the court said:

"We think the· practical way to treat these sections is to say that 'award the contract' means 'select the newspaper'; then when the newspaper was selected, the contract was awarded, and was made when the list ·was published at the direction of the treasurer. * * * **the** paper *was selected,* the treasurer, pursuant to the mandate of the statute, published therein; * * *." (Emphasis supplied.)

That the case differs from the case at bar is apparent. On the· record being considered here there ·was neither a contract nor prior selection ·of the ·newspaper· by the board of county commissioners.

■ The selection or designation of a newspaper for the publication of delinquent tax lists is jurisdictional. *Eastman v. Linn,* 26 Minn. 215, 2 N.W. 693; *Kipp v. Dawson,* 31· Minn. 373, 17 N.W. 961; *Merriman v. Knight,* 43 Minn. 493, 45 N.W. 1098.

Commenting on a statute similar to the Colorado act, we find this statement by the court of Minnesota in *Finnegan v. Gronerud,* 63 Minn. 53, 65 N.W. 128:

"* * * in the exercise of the taxing power the method or remedy laid down by the statute must be strictly and fairly pursued, or the proceedings will be void. However much the individual may enjoy the benefits of a general taxation, and to which he must or should contribute his proportion, yet such taxation is an enforced one; and, like other statutory proceedings where a per-

son's property is to be taken for the public use, the proceeding should conform to the statutory requirements. These are general rules laid down in many of the law books. * * *"

Commenting further on the duty of the county commissioners to designate a newspaper as provided by the law and within the time limited (if prescribed), the same court said, at page 129:

"* * * its [board of county commissioners] duty to do so at or before that time was mandatory, and its [board of county commissioners] failure in such respect rendered its act, and the publication of the delinquent list, invalid, for want of jurisdiction. The statute uses the word 'shall' designate the newspaper at either one of the two meetings. This language is not directory, but mandatory, and a failure to obey it is not a mere irregularity, but a proceeding involving property rights; and the legislature intended it to be obeyed, or it would not have enacted such a law."

■ Holding, as we do, that the duty upon the county commissioners to select a newspaper for publication of delinquent tax notices is mandatory, and there being no such compliance with the statute in the case before us, the proceedings and the sale were void.

Accordingly, the judgment is reversed and the cause remanded with directions to enter a decree adjudging the treasurer's deed herein to be null and void, and directing defendant to deposit in court for the reimbursement of plaintiff a sum equal to the amount of all moneys paid by plaintiff on the tax certificates upon which the deed was based plus statutory interest and penalties, together with the costs of this action.