OSCAR HOWES and others *vs.* HARVEY GILLETT.

November 25, 1876.

Tax Duplicates, when not Evidence of Levy of Taxes.—In an action (under Gen. St. *c.* 11, § 142) to recover of the proprietor of town lots the amount of delinquent taxes, penalty, and interest for which said lots have been sold at a tax sale which has proved invalid, and of taxes subsequently paid, the tax duplicates are not *prima facie* evidence of the levy and assessment of such taxes.

This action was brought in the district court for Dakota county, and was tried before *L. M. Brown,* J., acting for the judge of the first district. The only evidence offered by plaintiffs of the assessment and levy of the taxes for which the lands were sold, or of any of the prior proceedings affecting the assessment or levy, were the tax duplicates of the city of Hastings for the several years for which the taxes involved in this action were claimed to be due. But the court ruled that such duplicates were not even *prima facie* evidence of any of the proceedings required by law to be had prior to the making of the duplicates themselves, and ordered judgment for defendant, which was entered, and plaintiffs appealed.

*Allis & Allis,* for appellants.

*L. Van Slyck,* for respondent.

BERRY, J. "Upon the sale of any land or town lot for delinquent taxes, the lien which the state has thereon for taxes then due is transferred to the purchaser at such sale; and if such sale proves to be invalid, on account of any irregularity in the proceedings of any officer having any duty to perform in relation thereto, the purchaser at such sale is entitled to receive from the proprietor of such land or lot the amount of taxes and penalty and interest legally due thereon, and the amount of taxes paid thereon by the purchaser, subsequent to such sale, and such land or lot is bound for the payment thereof." Gen. St. c: 11, § 142.

Under this section of the statute the present action is brought, for the purpose of recovering of the defendant (the proprietor of certain town lots in the city of Hastings) the amount of delinquent taxes, penalty, and interest for which the lots were sold at a tax sale which proved invalid, and the amount of taxes on the same paid subsequent to the sale. Whether, in such an action, a tax duplicate is *prima facie* evidence of the assessment and levy of a tax is the only question presented in the case.

This question must be answered in the negative, for the reason that there is no statute, nor any principle or rule of the law of evidence outside of statute, making a duplicate such *prima facie* evidence. As an official document, a tax duplicate is proper evidence of its own existence and contents ; but it is not evidence of a step in the tax proceedings anterior to itself, like the assessment and levy of taxes.

The presumption that, in making it out and issuing it to the county treasurer, the county auditor did his duty, does not carry with it the presumption that the preliminary steps of assessment and levy were properly taken, since both of these steps are jurisdictional as respects the authority of the auditor to make out and issue the duplicate, and the existence of jurisdictional facts is not a matter of presumption. Cooley on Tax. 329. See, also, *Hopper* v. *Malleson*, 16 N. J. Eq. 382.

Judgment affirmed.