### STATE v. J. H. EMPANGER.

July 14, 1898.

Nos. 11,176—(24).

73 337
176 259
76 379
76 380

Taxes — State Board of Equalization — Real Property—Increase of Valuation of Acre Property.

Under the provisions of G. S. 1894, § 1555, the state board of equalization has no authority to increase or decrease the valuation, as returned to it by the county auditor, of one kind or class of real property within a town or a village or a city, such as acre property, without increasing or decreasing in the same ratio the valuation of all real property within the same political subdivision, such as lands platted into town lots.

Case certified from district court for Hennepin county, Johnson, J., after ordering judgment for defendant. Affirmed.

H. W. Childs, Attorney General, and Jas. A. Peterson, County Attorney of Hennepin County, for the State.

C. H. Rossman, for defendant.

73 M.—22

COLLINS, J.

In proceedings in district court to enforce payment of taxes remaining delinquent on real estate in the town of Minnetonka, Hennepin county, on the first Monday in January, 1897, the defendant appeared and interposed an answer as to the lands in question, of which he was the owner. A trial was had by the court, and judgment ordered for defendant. The court then certified several questions, raised on the trial, to this court, for its determination, and of these we have to decide but one, which is: Did the state board of equalization have authority, under the law in force when it exercised such authority (G. S. 1894, § 1555), to increase the assessable value of acre property in the town, then village, of Minnetonka, without increasing at the same time the assessable value of all real property in said town in the same ratio?

There was in said town acre property and property which had been platted into village lots, and by the action of the state board the value of acre property was increased 50 per centum, but the value of lands platted into village lots was not increased.

We must answer this question in the negative. The board is a statutory tribunal of limited jurisdiction, having the powers expressly conferred by statute. It can exercise its jurisdiction only within the limits of the law which prescribes its duties and restricts its authority.

Prior to the enactment of Laws 1897, c. 134, and consequently when the action was taken herein involved, its duty and authority were defined in section 1555, supra, six rules being laid down for its government when examining and comparing the assessment returns and equalizing the assessment. The first and second of these rules provide for and authorize the board to add to or deduct from the aggregate valuation of real property in every county, in case its members believe that the aggregate valuation is below or above the true and full value of such property. The third rule empowers and directs the board to add to or take from the valuation of real property in any town or district in any county, or the real property in any county not in villages, towns or cities, without raising or reducing other real property in the county, if it is believed that the valuation of such property should be raised or reduced. The fourth

and fifth of those rules have application to personal property only, while the sixth prohibits a reduction of more than one per centum of the whole valuation as returned by the county auditors.

In none of these rules is the board given the power to distinguish between different kinds or classes of real property in a district, town or county, or to add to or deduct from the aggregate valuation of one kind or class, without raising or reducing the valuation of another. It may increase or reduce the aggregate valuation of real property in a county, treating such county as an entirety, or it may equalize by adding to or deducting from valuations as between towns, villages and cities in the same county, or as between real property within these political subdivisions and that without, in the same county; but in so doing it must treat alike all real property situate within any of these divisions.

Here a distinction was made in the same town between lands platted and lands unplatted,—between lots and acres. The acre land was arbitrarily increased one-third in valuation, while the valuation of land platted into lots was not increased at all. Under the provisions of section 1555, supra, the state board had no authority to increase or decrease the valuation, as returned, of one kind or class of real property within a town or a village or a city, without increasing or decreasing in the same ratio the valuation of all real property within the same political subdivision.

On remittitur, judgment will be entered in accordance with the conclusions of law of the court below.