W. H. GOULD v. BOARD OF COUNTY COMMISSIONERS OF HENNEPIN
COUNTY.

76  379|
f80  191|

May 23, 1899.

Nos. 11,648—(169).

### Recovery of Illegal Taxes Paid—Falvey v. Board Followed.

Plaintiff's land was illegally assessed, and part of the taxes thereon illegally levied; but, before any action or legal proceedings were taken to enforce the collection of said taxes, the plaintiff voluntarily paid the same. *Held*, that no action can be maintained by plaintiff to recover that part of the taxes illegally levied, but voluntarily paid. Falvey v. Board of Commrs., supra, page 257, followed.

### Upon Application for Reargument.

June 13, 1899.

### Same—Voluntary Payment.

The payment of a tax in ignorance that any part of it was irregularly assessed does not make the payment involuntary, so as to be recoverable, where the irregularity appeared from the public records.

Action in the municipal court of Minneapolis to recover $20.53 paid on account of an illegal tax. From an order overruling a demurrer to the complaint, defendant appealed. Reversed.

*Louis A. Reed*, County Attorney, for appellant.

*C. H. Rossman*, for respondent.

BUCK, J.

This action was brought in the municipal court of the city of Minneapolis to recover a part of the taxes paid by the plaintiff on lands owned by him in the village of St. Louis Park, in the town of Minnetonka, in Hennepin county, for the years 1894 and 1895, which he claims are invalid, because the state board of equalization of this state, in 1894, without authority of law and without jurisdiction, increased the valuation of his land, and other farm land in his district, without increasing proportionately, or at all, the platted lands or village lots in said district. That such tax was illegal was held in State v. Empanger, 73 Minn. 337, 76 N. W. 53,

where it is stated that the state board of equalization had no authority to increase or decrease the valuation, as returned to it by the county auditor, of one kind or class of real property within a town, village, or city, such as acre property, without increasing or decreasing in the same ratio the valuation of all real property within the same political subdivision, such as lands platted into town lots. Without knowing of this illegal action of the state equalization board relative to the property situated within the political subdivision wherein this property is situated, and some three years before the filing of the decision in the Empanger case, plaintiff paid his taxes for the years 1894 and 1895 to the county treasurer of Hennepin county; the amount so paid being 50 per cent. in excess of the legal tax, by reason of the excessive valuation of the state board of equalization. The taxes for 1894 were paid May 14, 1895. The taxes for 1895 were paid May 25, 1896.

There was a demurrer interposed to the complaint by the defendant county, upon the grounds that the complaint does not state facts sufficient to constitute a cause of action, and want of jurisdiction of the court over the subject-matter. The demurrer was overruled.

All of the questions raised and discussed in this case were, with one exception, passed upon in the case of Falvey v. Board of Commrs., supra, page 257, and decided in favor of the defendant, and need not again be repeated. The exception is this: That plaintiff did not know, when he paid his taxes, of the act of the state board of equalization in thus illegally increasing the valuation of his property 50 per cent., and when the taxes were so paid by him he did not object to the payment, and made such payment voluntarily, in the belief that the same were valid taxes. But we do not think that changes the legal status of the case from that of Falvey v. Board of Commrs. Plaintiff did not interpose any objection or defense to the tax proceedings at any time, and in fact no action or proceedings were ever instituted against him to enforce the collection of such taxes, but he voluntarily paid them, without duress or compulsion.

The municipal court of the city of Minneapolis had jurisdiction

over the subject-matter, as the amount sued for is less than $500, and the action is one at law for the recovery of money only.

Order reversed.

An application for a reargument having been made, the following opinion was filed on June 13, 1899.

PER CURIAM.

In his application for a reargument, counsel for the plaintiff takes exception to a remark in the opinion of the court to the effect that the plaintiff did not interpose any objection or defense to the tax. As the tax was paid before it was delinquent, and consequently before any proceedings were instituted for its collection, of course this remark was irrelevant to the case. But the chief ground upon which a reargument is asked is that the court did not give due weight to the fact that, according to the complaint, the plaintiff paid the tax in ignorance of the fact that any part of it was illegal.

It should be kept in mind that the rules which apply to actions to recover money paid by one person to another do not apply, to their full extent, to actions to recover from a county, town, or other municipality money in payment of taxes illegally or irregularly assessed or levied. There are certain considerations of public policy which must necessarily be taken into consideration. If a party could recover from the public whenever there was some illegal or irregular action on the part of public officers in the assessment or levy of the tax, merely because he was ignorant of such illegality or irregularity at the time he paid the tax, the public finances would be thrown into chaos, and frequently municipalities would be reduced to utter bankruptcy. Municipalities do not guaranty the taxpayers correct action on part of their officers. Irregular action does not necessarily injure the parties concerned, and, when it does, the remedies given by review, appeal, or by way of defense to proceedings to enforce the tax are supposed to afford full redress. Cooley, Taxn. 566. In this case the property was subject to taxation. The illegality or irregularity complained of consisted exclusively of the action of the state board of equalization in raising the assessed value of one class of real estate in the town with-

out making the same increase on another class. This illegality or irregularity appeared from the public records. Plaintiff had the means of discovering this, and he was just as much bound to inform himself of the fact as were the public authorities. Every man is supposed to know the law. If plaintiff was ignorant of the facts of which he now complains when he paid the tax, it was because he failed to avail himself of the means of information which were open to him. His tax having been paid without investigation, and without duress of either person or property, the payment must be deemed voluntary.

We have not the time now to go extensively into the subject when taxes paid may be recovered from a public municipality, but it may be suggested that in many states there are statutes which extend the right much beyond what it would otherwise be. Many of their statutes, and the decisions under them, are to be found in 25 Am. & Eng. Enc. 465, et seq. And, even where there are no statutes governing the subject, the decisions of the courts are not always in harmony. But, upon the particular facts of this case, we think that a recovery could not be had, under the rulings of any well-considered case in any court.

Application denied.