.WILLIAM C. FOSTER v. WILLIAM B. GAGE.[1]

May 24, 1912.

Nos. 17,499—(107).

**Delinquent tax list — designation of newspaper.**

*Held,* following Eastman v. Linn, 26 Minn. 215, 2 N. W. 693, and similar cases, that there was a failure properly to designate the newspaper in which to publish the delinquent tax list in question in this action, and that the court acquired no jurisdiction to enter a judgment in the tax proceedings.

**Same — act not curative.**

The failure to so designate the newspaper was not cured or remedied by Laws 1902, c. 2, § 12 (R. L. 1905, § 914).

**Construction of act of 1902.**

That statute was intended to remedy such defects and irregularities in the designation as were not necessarily fatal to the jurisdiction of the court; such as might without substantial prejudice to the rights of the property owner be corrected or disregarded.

Action in the district court for Morrison county under R. L. 1905, § 972, to quiet title of plaintiff to certain lands, or if the title appear invalid, to ascertain the amount of taxes, penalties and costs adjudged a lien against the premises. The separate answer of defendant Gage alleged that several causes of action were improperly united. The case was tried before Nye, J., who made findings and as conclusion of law ordered judgment in favor of defendant Gage, adjudging him to be the owner of the land and that plaintiff was entitled to a tax lien against the premises amounting to $165.94.

[1] Reported in 136 N. W. 299.

From an order denying his motion to vacate the decision and for a new trial, plaintiff appealed. Affirmed.

*William G. White,* for appellant.

*D. M. Cameron,* for respondent.

BROWN, J.

This action involves the validity of plaintiff's alleged tax title to the land in controversy. The trial court held it invalid, ordered judgment for defendants, and plaintiff appealed from an order denying a new trial.

Several objections to the title were urged by defendants in the court below and again in this court, only one of which we find necessary to consider. As we hold the particular objection sound, all others become immaterial. The question is, Was there a sufficient compliance with the statutes requiring the designation of a newspaper in which to publish the delinquent tax list to vest the court with jurisdiction of the tax proceedings? And, if there was such a failure, was it avoided or cured by section 12 of chapter 2 of Laws 1902 [p. 8], under which the validity of the proceedings here in question must be tested?

1. It appears from the evidence that no resolution of any kind attempting to designate a newspaper in which to publish the delinquent tax list was on file in the office of the clerk of the district court at the time of the trial, and no record that one had ever been filed. But the presumption perhaps is that a resolution was properly filed. Section 800, R. L. 1905. The presumption, however, is not conclusive, and it was open to defendants affirmatively to show that no proper resolution was ever passed by the county board, or designation made by the county auditor. The records of the county board were offered in evidence and appear to contain but one reference to or mention of the subject, and that in the following language, namely:

"The Herald Printing Company offered to print the delinquent tax list for taxes of the year 1903, for the legal rate as by law prescribed, and upon a resolution duly made and carried the Herald

Printing Company was awarded the contract of publishing the delinquent tax list for 1903."

No other evidence of the designation of a newspaper appears, and the court below was justified in concluding that the above record presents the only action taken by the board upon the subject. That it was not a compliance with the statute is quite clear. The rule since the first enactment of the statute has been that some newspaper, as distinguished from the editor or publisher of a particular paper, though the paper be named, must be designated for this purpose, and the act of awarding the contract to the editor or publisher of a particular newspaper is not a compliance with the law.

In Eastman v. Linn, 26 Minn. 215, 2 N. W. 693, the contract for publishing the delinquent tax list was, on motion, awarded to "F. Daggett, editor of the Litchfield News Ledger," and the court held the statutes not complied with. In Hall v. County of Ramsey, 30 Minn. 68, 14 N. W. 263, the contract was awarded to "H. P. Hall, of the Daily Globe," and in declaring the designation not in compliance with the statute the court followed the Eastman case. The rule there laid down has been uniformly followed in subsequent cases. 2 Notes to Minn. Cases 36.

The resolution in the case at bar, or whatever the action of the board as disclosed by the extract from its records may be termed, names no newspaper in which the tax list shall be published, but refers only to the "Herald Printing Company." That designation is no nearer a compliance with the statute than a resolution awarding the printing of the list to "F. Daggett, editor of the Litchfield News Ledger," or to "H. P. Hall of the Daily Globe." No newspaper was thereby designated, and the rule of the Eastman case applies.

Counsel cite and rely upon Minnesota Debenture Co. v. Scott, 106 Minn. 32, 119 N. W. 391, as a departure from the former holdings of the court, and as sustaining the designation here in question. The two cases are essentially different. In the case at bar the publishing company only was named, while in the Scott case the newspaper, namely, the "Minneapolis Tribune," was expressly designated; the editor or publisher not being referred to. The court construed the

action of the county board there involved as a sufficient designation of the newspaper. In other words, the court took a broad and substantial view of the proceedings of the board, and held that an intention to name the Minneapolis Tribune was clearly shown. But there was no intention of departing from the rule of the Eastman case or of unsettling the law upon this subject. The rule has too long been followed and applied to be departed from except upon express legislative action. It is quite probable that, had the resolution in question named the newspaper instead of the publisher, it would have been held, under the Scott case, as sufficient compliance with the law. But the language employed clearly brings the case within our earlier decisions which we follow and apply.

2. The further contention that this failure of the board was not fatal to the jurisdiction of the tax proceedings, and that the defect, whatever its nature, is cured and obviated by section 12, c. 2, Laws 1902 (See R. L. 1905, § 914), is not sustained. The resolution or action of the board not amounting to a compliance with the statute must be treated as a total failure or omission to act, and we have only to inquire whether the statute referred to was intended to remedy a situation of the kind. That statute provides, among other things, in referring to the publication of the delinquent tax list, that, when the last publication shall have been made, the notice shall be deemed to have been served and the court to have acquired full and complete jurisdiction, and "such jurisdiction shall not be in any way affected by any error in making the list filed with the clerk, nor by any error, irregularity or omission in the assessment or levy of the taxes, or in any other proceedings prior to filing the said lists; nor by any mistake in copying the list for publication; nor by any mistake in publishing said list; nor in the designation of the newspaper wherein such list is published. * * * "

We are unable to give the force and effect to this statute counsel so earnestly contends for. It has long been the law of the state that a proper designation of the newspaper in which to publish the delinquent tax list is essential to vesting jurisdiction in the court to proceed to the entry of judgment against the delinquent lands. The rule

has become a rule of property, and should not be held to have been abrogated except upon clear and definite legislation. In the absence of express legislation to the contrary, the statute referred to should be construed in harmony with this settled rule of the law, and not as an indirect effort to overturn it. We are clear that there was no intention by its enactment to depart from the rule or of attempting to make a failure of compliance with the designation statute a mere irregularity or informality.

The first part of the section, declaring that the jurisdiction of the court shall not be affected by "any error, irregularity or omission * * * in any other proceedings prior to filing the said lists," was evidently not intended to cover a failure properly to designate the newspaper in which to publish the list, for further along in the section it is provided, properly construed, that no mistake in the designation should be fatal to the jurisdiction of the court. If the legislature intended by the first clause to cover all irregularities in the designation, or a total failure to designate the newspaper, then the later clause expressly referring to that subject was a waste of words and wholly unnecessary. Under the general rule for the construction of statutes we are bound to give force and effect to all parts of the section, to the exclusion of the idea that any part or portion thereof is meaningless or unnecessarily made a part thereof. So construing this statute, we hold that the legislature intended to deal specially with the matter of designating a newspaper in which to publish the delinquent list, and did not intend to declare a failure of compliance with the statutes in that respect not fatal.

Properly construed, this part of the statute must be held to have been intended to remedy and cure informalities and mistakes in the designation of the newspaper not necessarily fatal to the jurisdiction of the court; defects of the character shown in the Scott case, and such as might without prejudice to the substantial rights of the property owner be corrected or disregarded. In that case the intention of the county board to designate the Minneapolis Tribune was clear, but the manner of designation was not in matter of form in strict compliance with the statutes, yet it was sufficient as notice of the

selection of that paper. It was held sufficient, and section 12 was cited in support of the decision. But in the case at bar the action of the county board was in legal effect a failure to comply with the statutes, and was not a mere informality within the meaning of our previous decisions.

Our conclusions, therefore, are that there was no designation of the newspaper in which to publish the delinquent tax list in question, resulting in a failure to confer jurisdiction upon the court, and the failure was not avoided or cured by section 12.

Order affirmed.