# WILLIAM C. FOSTER v. GOLDEN VALLEY LAND & CATTLE COMPANY.[1]

October 31, 1913.

Nos. 18,274—(33).

**Taxes — designation of newspaper.**
Evidence, in an action by the holder of a tax title to determine adverse claims, considered and *held* sufficient to sustain a finding that no original

[1] Reported in 143 N. W. 786.
123 M.—18.

auditor's designation of a newspaper in which to publish the delinquent list was filed in his office as required by R. L. 1905, § 908, where the county board failed to make a legal designation.

Action in the district court for Morrison county to determine adverse claims. The amended answer alleged that defendant was the sole owner in fee simple of the premises described in the complaint and that plaintiff had no right, title, or interest therein, except under certain pretended certificates of sale for the taxes of 1907, and further alleged that the tax proceedings were null and void and the judgment entered therein was of no effect, because the district court had no jurisdiction to enter judgment or order the sale therein. The case was tried before Nye, J., who made findings that defendant was the owner in fee of the property, subject only to a lien of $34.91 for taxes held by plaintiff, and ordered judgment accordingly. From the order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*William G. White,* for appellant.

*George B. Edgerton,* for respondent.

Philip E. Brown, J.

Plaintiff appealed from an order denying him a new trial of a statutory action to determine adverse claims. His right to the realty involved depended upon a tax title based upon a certificate for taxes of 1907.

In 1909 the county board failed to legally designate a newspaper in which to publish the delinquent list as required by R. L. 1905, § 908, whereupon the auditor filed in the office of the clerk of court, with no file marks thereon, an original designation in due form and under his hand and official seal, but filed no certified copy with the clerk. This auditor's successor testified, without contradiction, to his inability to find any original designation or record thereof in his office after search therein during the trial, which occurred in March, 1913. The trial court found, upon the facts and testimony stated, that no auditor's designation was filed in the auditor's office, nor any certified copy thereof in the clerk's office, and held the tax

judgment antedating plaintiff's certificate void for want of juris-
diction. The statute referred to provides that if the board "fail to
designate * * * the auditor shall thereupon designate the same
in writing, and immediately file such writing in his office, and a
certified copy thereof with" the clerk of court.

1. We will assume that, as contended by plaintiff, the tax certifi-
cate is prima facie evidence of the due entry of judgment, that tax
judgments are presumed regular and valid to the same extent as
judgments in civil actions, and that the filing of the original desig-
nation with the clerk was equivalent to filing a certified copy. On
the other hand it must be deemed settled that a designation in sub-
stantial compliance with the statute is a jurisdictional prerequisite
of a valid judgment, and, to accomplish this end in the present case,.
required the filing of the auditor's certificate in his office, which
means the placing and keeping thereof in such office as a permanent.
record or file. State v. Crosley Park Land Co. 63 Minn. 205, 65,
N. W. 268. Furthermore, omissions in this regard may be proved
by any competent evidence dehors the record. Brown v. Corbin,
40 Minn. 508, 42 N. W. 481. The question, then, is: Was the evi-
dence sufficient to warrant a finding that such designation was not.
so filed? Plaintiff contends that it was not, because, (1) the pre-
sumptions referred to have not been overcome, (2) defendant's show-
ing of the auditor's failure to find an original designation in his.
office was generally insufficient to warrant the conclusion that none
such had been filed, and specifically insufficient under R. L. 1905,
§ 800, (3) R. L. 1905, § 914, cured the defect, if there was a failure
to file.

We sustain the finding. It may be conceded that the objections
indicated would be well taken if we had only the absence of the
original designation from the auditor's files; but there is, in addition,
its presence in another office wherein it is not required to be. While
a purported copy suggests an original, one original cannot imply
another where the statute requires no duplication. Public officers
are generally presumed to have performed their duties, but this
presumption has not, in this state, been applied rigidly to tax sales.
(Sterling v. Urquhart, 88 Minn. 495, 498, 93 N. W. 898), and it

cannot avail to supply essential facts (Philbrook v. Smith, 40 Minn. 100, 41 N. W. 545), or the existence of jurisdictional matters (Howes v. Gillett, 23 Minn. 231). Moreover, even under the general doctrine of performance of official duty, if it be urged that the filing of the designation with the clerk indicates performance, the answer is that this document is not strictly in compliance with the statute. Nor can it be assumed that the court in entering judgment proceeded on any other designation than the one on file in the clerk's office. Jewett v. Iowa Land Co. 64 Minn. 531, 539, 67 N. W. 639, 58 Am. St. 555; Chadbourne v. Hartz, 93 Minn. 233, 101 N. W. 68. In the case last cited it was held that where a resolution was found in connection with a tax judgment roll, it would be assumed that it was the only one filed with the clerk by the county auditor.

The provisions of R. L. 1905, §§ 800, 914, are unavailing; for the former relates to presumptions arising from the mere absence from the proper office of papers required to be filed therein, and the latter we have held not to cure failure of compliance with the designation statute. Foster v. Gage, 117 Minn. 499, 503, 136 N. W. 299; Foster v. Berg, supra, page 180, 143 N. W. 354.

2. Our conclusion renders discussion of further questions raised unnecessary.

Order affirmed.