## J. J. FRY v. COUNTY OF MORRISON.[1]

February 23, 1917.

Nos. 20,196—(303).

Taxation — refund to holder of void tax certificate — subsequent taxes.

Under G. S. 1913, § 2157 (R. L. 1905, § 963), the holder of a tax cer- tificate is entitled to a refundment of money paid for his certificate when the assessment of the tax is void; and he is entitled to a re- fundment of subsequent void taxes paid which the statute permits to be tacked to his certificate, he at the time of the payment being with- out knowledge of their invalidity, although such payment by the owner of the land assessed would be voluntary and not recoverable.

[1]Reported in 161 N. W. 511.

Action in the district court for Morrison county to determine adverse claims to vacant and unoccupied premises, and if the title of plaintiff to the premises were declared invalid to recover the amount of taxes, penalties and costs paid by him or his assignors. In her separate answer defendant Gatchell alleged that she was the owner in fee of the premises. The case was tried before Roeser, J., who ordered judgment in favor of defendant Gatchell subject to the lien of plaintiff for $208.49, and ordered defendant county to refund to plaintiff the sum of $236.12. Defendant county's motion to amend the conclusion of law was denied. From that part of the judgment ordering refundment of taxes, defendant county appealed. Affirmed.

*C. Rosenmeier,* for appellant.

*A. H. Vernon,* for respondent.

DIBELL, C.

The plaintiff brought this action to determine adverse claims to lands in Morrison county. His claim of title was through tax proceedings. The county was joined as a defendant and a refundment of void taxes was asked in the event that the tax title was adjudged invalid. The tax judgment was void because of a failure to designate the newspaper in which to publish the delinquent list. Foster v. Golden Valley L. & C. Co. 123 Minn. 273, 143 N. W. 786. Included in the tax assignment certificates were certain illegal ditch assessments. See Johnson v. County of Morrison, 107 Minn. 87, 119 N. W. 502; Gourd v. County of Morrison, 118 Minn. 294, 136 N. W. 874. Subsequent to taking the state assignment the plaintiff paid other taxes in which were included like illegal ditch assessments. He was permitted a refundment of the illegal ditch assessments paid, both those included in his state assignment and those included in taxes paid afterwards. From a judgment to such effect the county appeals.

The statute provides for a refundment of money paid for a state assignment certificate when "the assessment of the property or the levy of the tax is void." G. S. 1913, § 2157 (R. L. 1905, § 963). It does not expressly provide for a refundment of money afterwards paid upon such assessments. The settled law in this state is that one who pays illegal taxes makes a voluntary payment and is not entitled to recover them.

Gould v. Board of Co. Commrs. of Hennepin County, 76 Minn. 379, 79 N. W. 303, 530; Falvey v. Board of Co. Commrs. of Hennepin County, 76 Minn. 257, 79 N. W. 530; Hofflin v. Board of Co. Commrs. of Hennepin County, 80 Minn. 190, 83 N. W. 29. We abide by this rule.

Formerly a refundment was allowed whenever a tax sale was adjudged void. G. S. 1894, § 1610. Apparently because of abuses the tax law of 1902 (Laws 1902, p. 30, c. 2, § 58), adopted the provision quoted above from G. S. 1913, § 2157 (R. L. 1905, § 963). This matter is discussed in Downing v. Lucy, 121 Minn. 301, 141 N. W. 183, Ann. Cas. 1914C, 755, and other cases cited therein.

The plaintiff was under no obligation to pay the taxes subsequent to his assignment certificate. He was not the owner of the land assessed and owed the state no duty. The state encourages a purchaser to pay subsequent taxes and tack them to his certificate. The state thus gets its revenue promptly. The tax certificate holder gets repayment in case of redemption. Under such circumstances it should not be held that the payment of taxes was voluntary so that a refundment cannot be had. It does not appear that the plaintiff knew of the invalidity of the ditch assessments. So far as appears he was without knowledge. We hold that under such circumstances he is entitled to a refundment of subsequent invalid assessments included in taxes which he might properly tack to his certificate.

Judgment affirmed.