## STATE EX REL. CITY OF ELY v. MINNESOTA TAX COMMISSION.[1]

### May 18, 1917.

### Nos. 20,301—(22).

**Taxation — assessment of ore, mined and unmined, by tax commission — review.**

The state tax commission, after a hearing on the application of the owners of mines situated in the city of Ely, materially reduced the valuation for taxation purposes of the unmined ore contained in the mines and the ore in stock piles. The city brought *certiorari* to review this action of the commission. *Quaere*, whether the city has such an interest in the matter as entitles it to have the action of the commission reviewed on *certiorari?* Assuming that the city had the right to have the action so reviewed, it is *held:*

(1) The state tax commission has the power under G. S. 1913, § 2344, subd. 5, to reduce the assessed valuation of real or personal property

[1]Reported in 162 N. W. 675.

of any individual or corporation below that fixed by the city assessor or county board and without the approval of the city or county taxing authorities.

(2) The evidence sustains the order of the commission reducing the assessed valuation of the property in question, within the rules governing this court in reviewing on *certiorari* the action of the commission.

(3) The refusal of the commission to order the mine owners to produce their books showing the cost of mining, and its refusal to compel witnesses for the owners to answer questions on this subject, present no grounds for reversal.

Upon the relation of the city of Ely the supreme court issued its writ of *certiorari* to review the action of the Minnesota Tax Commission in reducing the assessment upon mined iron ore for the year 1916. Affirmed.

*John Jenswold* and *John D. Jenswold,* for relator.

*Lyndon A. Smith,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for respondent.

BUNN, J.

*Certiorari* to review the action of the Minnesota Tax Commission in fixing the values for taxation purposes for the year 1916 of certain iron mines, including unmined ore and ore in stock piles, situated within the limits of the city of Ely, St. Louis county. The original assessment was made by the city assessor, approved by the city board of review, the county auditor and the county board of equalization. The owners of the property assessed applied to the state tax commission for a reduction of the assessments. After a hearing the commission filed its order materially reducing the assessed valuations fixed by the local assessor. The city of Ely then brought the case to this court by writ of *certiorari.*

The state contends first that the city of Ely has no right to have the order of the tax commission reviewed on *certiorari,* because the order will not result in special and immediate injury to it. It is argued that, when a city has voted the amount of its taxes for the year, it is not concerned with what proportion thereof shall be paid by any individual or corporate property owner, and hence not with the valuation put upon any particular property. Relator points out that the petition alleged

that, if the original valuation was not reinstated and taxes levied upon that basis, the city would suffer "special and great injury, distinct and different from that as suffered by the public, and will be divested of a large amount of taxes and income, to which it of right is entitled." While this allegation is not denied, it is manifest that whether the city will suffer such injury is largely a question of law. It appears that the city council levied or voted in specific amounts a total tax of $140,100 against the taxable property within the city for the year, and that by reason of the reduced valuation the total levy, under the maximum rate as limited by G. S. 1913, § 2052, and the provisions of the city charter was but $111,072.21. While the point is rather a novel one, and its correct decision not entirely clear, we will assume, rather than decide, that the city has such an interest in the matter as entitles it to have the action of the commission reviewed on *certiorari*. We therefore proceed to the merits.

Relator's contentions may be thus stated: (1) The tax commission had no jurisdiction to make the order reducing the valuations as fixed by the city assessor. (2) The evidence received at the hearings before the commission was insufficient to warrant the reduction. (3) The commission erred in refusing to order witnesses for the mine owners to produce certain records and give evidence as to the actual cost of mining. We dispose of these contentions in the order as stated.

2. G. S. 1913, § 2344, subd. 5, expressly and plainly confers upon the state tax commission the power "to raise or lower the assessed valuation of any real or personal property, including the power to raise or lower the assessed valuation of the real or personal property of any individual, copartnership, company, association or corporation." Relator contends that this power and authority is limited by G. S. 1913, § 2045, subd. 7, and by G. S. 1913, § 1978. As to section 2045, subd. 7, it is sufficient to say that the act creating the tax commission, and defining its powers (Laws 1907, p. 576, c. 408), contained a section repealing prior acts or parts of acts inconsistent therewith, as did the amending act of 1909, p. 343, c. 294. It clearly follows that any restrictions upon the power of the board of equalization found in section 2045, subd. 7, do not apply to the tax commission in view of the clear language of the act creating that body and prescribing its powers. As

to G. S. 1913, § 1978, it is plain that this section has to do only with the abatement and refundment of taxes in connection with completed assessments, while section 2344 deals with raising or lowering valuations for the current year before the assessment is completed. It seems to us clear that the commission had the power to reduce the valuation below that fixed by the county board without the approval of the city or county taxing authorities.

3. We must consider the question of the sufficiency of the evidence to sustain the order of the commission in the light of the rules that govern our action in such cases. While we do not sustain the claim of the state that the decision of the commission on a question of value can in no case be reviewed on *certiorari*, it is nevertheless true that, if there is any evidence to support the decision reached, we will not reverse. It is not a question of where the weight of the testimony is, or even whether it is clearly and palpably against the decision. The commission is an administrative, not a judicial, body, though it is vested with quasi-judicial functions. It is not obliged to consider only evidence taken before it in the ordinary way. It may base its action in part upon investigations of its members, and upon their knowledge of values as derived from experience and study. When we remember that we are reviewing the action of an administrative body, not a court, the point that the decision should be reversed because of insufficient evidence becomes easy of solution. It is not necessary to review here the evidence before the commission relating to the value of the ore contained in the different mines. From the nature of the inquiry it is clear that it is almost wholly a matter for experts. We are unable to see any ground for interference with the values as found by the commission.

4. The refusal of the commission to order the mining companies to produce their books showing the cost of mining, and its refusal to compel witnesses for the companies to answer questions on this subject, present no grounds for reversal. A majority of the commission apparently was of the opinion that it had no right to compel the production of these books or to compel the witnesses to answer, an opinion which we do not share. But clearly there was no such refusal to hear competent and relevant evidence offered as affected the decision. The probative force of the evidence is doubtful, and we cannot say it was error to make

the rulings complained of, granting that errors in rulings on the admission of evidence may ever be ground for reversal when the case is *certiorari* to review a decision of a tribunal such as this commission.

Order affirmed.