# IN RE APPLICATION OF THE PEOPLE'S INDEPENDENT TELEPHONE COMPANY FOR REFUND OF TAXES PAID ON REAL ESTATE.[1]

June 8, 1923.

No. 23,470.

**Authority of State Tax Commission to order refund of taxes unjustly paid.**
1. Under the provisions of section 1978, G. S. 1913, the State Tax Commission has power to hear and determine all matters of grievance relating to taxation, and to grant such reduction or abatement of assessed valuations or taxes as may be deemed just and equitable, and, in its discretion, to order the refundment, in whole or in part, of any taxes which have been erroneously or unjustly paid.

**Review of commission's order upon certiorari.**
2. Where the application for refundment of taxes, under the provisions of section 1978, G. S. 1913, sets forth all the circumstances of the case and is accompanied by the approval of the county board and the county auditor of the county wherein the taxes were levied, and has been considered and acted upon by the tax commission, this court will not, upon certiorari, interfere with the findings and order of the commission, except to correct a manifest abuse of the discretion vested in the board, or a plain error in law or fact, or mixed law and fact.

Upon the relation of the Peoples Independent Telephone Company the supreme court granted its writ of certiorari directed to the State Tax Commission to review proceedings of that commission refusing to refund ad valorem taxes paid by relator for the years 1916 to 1920. Affirmed.

*Young & Quandt*, for relator.

*Clifford L. Hilton*, Attorney General, and *Egbert S. Oakley*, Deputy Attorney General, for respondent.

QUINN, J.

Certiorari to review proceedings of the State Tax Commission, refusing to refund ad valorem taxes paid by relator for and during

[1]Reported in 194 N. W. 317.

the years 1916, 1917, 1918, 1919 and 1920, upon a lot 22x142 feet in size, upon which is situated a two-story brick building 22x45 feet, with a basement thereunder. The ground floor was not used until December, 1919, when it was leased for office purposes at a monthly rental of $15, aggregating, in October, 1922, the sum of $510. The rent was turned into the earnings of the company. The other parts of the building and lot were used by the relator in connection with its telephone business. The ad valorem tax ranged from $59.32 in 1916, to $93.93 in 1920, aggregating $353.40. This tax was levied each year as real estate taxes are generally levied and paid at the usual time. In October, 1922, the relator made application, with the approval of the county board and county auditor of the county wherein the taxes were levied, to the commission for the refundment of all of such taxes so paid, under the provisions of section 1978, G. S. 1913. The refundment asked for was refused by the commission.

It is contended on behalf of the relator that the company procured the property for its use exclusively in connection with its telephone business; that it paid a gross earnings tax each year; that by reason thereof the property in question is exempt from ad valorem taxes, and that the taxes in question are erroneous and unjust and should be refunded. Upon the other hand it is conceded that property acquired, owned and used by a telephone company in the conduct of its telephone business, if there be no unnecessary delay in appropriating it to such use, is exempt from ad valorem taxes, where the company pays a gross earnings tax. 3 Dunnell, Minn. Dig. § 9570. Further that where a portion of a building is exempt from an ad valorem tax because of its use, the remainder thereof should be assessed to the extent of its value, having due reference to the value of the entire property. The settled law of this state is that one who pays illegal taxes voluntarily is not entitled to recover them. Falvey v. Board of County Commrs. 76 Minn. 257, 79 N. W. 302; Gould v. Board of County Commrs. 76 Minn. 379, 79 N. W. 303, 530; Hofflin v. Board of County Commrs. 80 Minn. 190, 83 N. W. 29; Fry v. County of Morrison, 136 Minn. 225, 161 N. W. 511.

The statute under which this procedure was instituted, section 1978, provides that the tax commission shall have power to hear and determine all matters of grievance relating to taxation and to grant such reduction or abatement of assessed valuations or taxes as it may deem just and equitable, and to order the refundment in whole or in part of any taxes which have been erroneously or unjustly paid. In its application for refundment, the relator made a full statement of the facts relating to the taxes in question and the commission has considered and passed upon the same.

The statute confers upon the commission, when a proper showing is made, power to order a refundment, in whole or in part, of any taxes paid. To determine whether such a showing has been made requires a high degree of discretion on the part of the commission. In the instant case, the question whether a portion of the property was appropriated, without unnecessary delay to the conduct of the relator's telephone business, whether the whole or part of the ad-valorem tax was proper, and whether, under all the circumstances, a refundment should be made, was a matter within the discretion of the commission and not one of law for the courts. Such we think was the clear legislative intent. Whether the commission found all of the allegations of the application true is not disclosed by the record. It is an administrative body, vested with quasi-judicial functions. It is not necessarily obliged to confine its considerations to the facts as set forth in the application. State v. Minnesota Tax Commission, 137 Minn. 20, 162 N. W. 675. In construing the statute now under consideration, in the Kasper case, 137 Minn. 37, 162 N. W. 686, it was said that [at page 40]: "It is a manifest purpose of the provisions to give to the tax commission the right * * * to give relief where taxing officers and the courts could not afford it * * * The statute does confer discretionary power to act in cases where there is a fair showing that justice and equity call for the exercise of discretion." It follows that, the commission being empowered to grant such relief as it may deem just and equitable in such matters, and having considered and acted upon the facts as presented, the courts will interfere with an exercise of the discretion vested in the board only to correct a mani-

fest abuse thereof, or plain error in law or fact, or mixed law and fact, a situation not here presented.

Affirmed.