## STATE EX REL. THOMAS DANDREA AND OTHERS v. THOMAS ERSKINE.[1]

December 18, 1926.

No. 25,992.

**Assessor's valuation of improvements in village may be raised by county board of equalization.**

1. The county board of equalization may raise the valuation of the assessor on the improvements on lands in a village without changing the valuation of the lands on which they are situated.

**Tax Commission's power to raise assessed valuations on village realty.**

2. The Tax Commission has authority to raise the valuations as assessed upon real property within a village independently of the fact that it is not a separate assessment district from the town within which it is located, such raise being made upon either the improvements, or the platted lands, or the unplatted lands, or the lands containing unmined ore, and upon one of those classes and not on the other.

Taxation, 37 Cyc. p. 1077 n. 81; p. 1078 n. 84; p. 1092 n. 65.

[1]Reported in 211 N. W. 329.

Both parties appealed from a judgment of the district court for Itasca county, Stanton. J., in a mandamus proceeding. Reversed and remanded with directions to quash writ.

*J. C. Henley, John T. Naughtin, A. W. Spellacy* and *A. L. Thwing,* for relators.

*Clifford L. Hilton,* Attorney General, and *G. A. Youngquist,* Assistant Attorney General, for respondent.

HOLT, J.

There was judgment entered on the pleadings, in this a mandamus proceeding, from which both parties appeal.

Relators are taxpayers in the village of Keewatin, a separate assessment district in Itasca county, and respondent is the county auditor. The first question goes to the authority of the county equalization board to make a horizontal increase of the assessed value of the improvements on lands in the village. The second question involves the right of the State Tax Commission to make horizontal reductions or increases of the assessed valuations fixed by the equalization board in respect to the improvements on the land, also as to that placed upon the land itself, taking into consideration whether the land was unmined ore land or unplatted or platted land, and in so doing treating such lands when within a village without regard to the fact whether or not such village was a separate assessment district. There are towns in which there are one or more villages none of which are separate assessment districts, and again there are towns in the county in which there are one or more villages having separate assessment districts.

The law requires the assessor to value separately the land and the improvements thereon. And we see no reason why the county equalization board, when sitting as such, may not raise or lower the one or the other, and without notice to the individual owners. The change made by the board affected all improvements in Keewatin alike. The fact that the assessment is required to be made for both the land and improvements thereon separately would seem to justify the board in determining whether each by itself is fair and uniform

as compared with lands or improvements thereon in other towns or villages of the county.

Relators rely on State v. Empanger, 73 Minn. 337, 76 N. W. 53, for the proposition that the improvements cannot be horizontally raised apart from the land, for there it was held that a horizontal raise must affect all land equally within the district. But it is to be noted that that decision was under the law as it stood before the constitutional amendments and the statutes passed in virtue thereof. Now the law classifies lands for assessment purposes into: (1) Unmined ore lands; (2) unplatted lands; and (3) platted lands; to each of which different rates of taxation apply. Had such been the law when the Empanger case was decided we might well have looked for a different result. It is readily conceivable that an assessor may go right in the valuation as to the land and wrong as to the improvements thereon in the district, and to correct such error the equalization board ought to have and we think has the power under G. S. 1923, § 2049, subd. 5, which provides "they may raise the aggregate valuation of such real property, and of each class of personal property of said county, or of any town or district thereof, whenever they believe the same is below the true and full value of said property, or class of property, to such aggregate amount as they believe to be the true and full value thereof." Improvements are a class of property which must be valued separately and which added to the separately assessed value of the land, of which they form a part, make up the proper assessment value for the whole.

The question presented as to the power of the Tax Commission to make the horizontal raises herein attacked presents a more doubtful question because of the fact that in some instances the town constituting a single assessment district has one or more villages therein. The real estate in those villages was treated as if in a separate assessment district, and where the commission deemed the improvements were assessed too low in a village there was a horizontal raise therein only. The same was the case in respect to platted and unplatted land in such village. It would seem that there is no good reason for limiting the power of the Tax Commission to

rectify errors and make for uniformity and equalization in the imposition of tax burdens to the mere incidental matter of whether a village is so organized as to constitute a separate assessment district, or whether it is part of the town's. To all intents and purposes the land within village limits should be valued on the same basis whether the village is a separate assessment district or is a part of that of the town wherein it is located. The village, no matter how formed, segregates the lands within its boundary from that of the surrounding rural districts. In addition to the general powers granted the Tax Commission by G. S. 1923, § 2364, it also, by § 2365, subd. 5, is granted authority "to raise or lower the assessed valuation of any real or personal property." And by § 2366, subd. 3:

"If they believe that the valuation of the real property of any town or district in any county, or of the real property of any county not in towns, villages, or cities, should be raised or reduced without raising or reducing the other real property of such county, or without raising or reducing it in the same ratio, they may add to or take from the valuation of any one or more of such towns, villages, or cities * * * such per cent as they believe will raise or reduce the same to its true and full value in money."

The last quoted provision is the same as was in force when State v. Empanger, supra, was rendered, but as above stated real property was not then classified for assessment purposes. That is now required. G. S. 1923, § 2367, provides for putting into effect the changes the commission may make with reference to "valuation of the real property of each of the several towns, villages and cities," without confining the term villages to those constituting separate assessment districts.

In submitting the motion, relators admitted the existence of a practical construction of the law as thus alleged in the answer:

"That it has, ever since its creation, been the practice of the Minnesota Tax Commission, under claim of authority of law, to increase, without notice to the owners, assessments of platted property within a village, city or town independently of the unplatted prop-

erty therein, and assessments of unplatted property in a village, city or town independently of platted property therein, and assessments of property within a village forming an assessment district with a town independently of the real estate in the town outside of such village; and in some, but fewer, instances to increase or decrease assessments of buildings, improvements and machinery on lands independently of the lands upon which they stand."

Weight properly may be given to a practical construction of a law adhered to for a long period of time by the body charged with the administration of such law. In re Estate of Boutin, 149 Minn. 148, 182 N. W. 990.

It is not expedient to comment on authorities cited from other states, for statutes and methods of equalizing tax assessments of property differ greatly. Such statutes should be so construed, if possible, as to facilitate equalization of valuations, thus placing uniform burdens upon the property of the same class. In our opinion the Tax Commission has proceeded correctly, and the court erred in ordering judgment for relators.

The judgment is reversed and the cause is remanded with directions to quash the writ.