## STATE EX REL. HUGO F. LUND v. MAY ANDERSON.[1]

November 16, 1928.

No. 27,129.

**Welfare of two young children compelled discharge of father's writ of habeas corpus.**

Upon the evidence it is *held* that the welfare of the two young children involved requires them to remain in the custody of the respondent, the maternal grandmother, as against the father, who does not have the money or facilities properly to provide for them.

Parent and Child, 46 C. J. § 31 p. 1253 n. 43.

See note in 41 L.R.A.(N.S.) 564; 14 R. C. L. 274.

Habeas corpus in the district court for Blue Earth county on the relation of Hugo F. Lund directed to respondent to determine the custody of Bert Dickerson Lund and Hugo Frank Lund, Jr., his two minor children. Custody was awarded to respondent, and relator appealed to this court, where there was a trial de novo. Writ discharged and custody of children awarded to respondent.

*Laurisch & Hottinger,* for relator.

*Josiah A. Baker,* for respondent.

WILSON, C. J.

Habeas corpus on the relation of Hugo F. Lund in an effort to obtain the custody of his two children, Bert Dickerson Lund about two years of age, and Hugo Frank Lund, Jr. about six months of age. They are now in the custody of the respondent, their maternal grandmother.

Relator and his wife, the mother of the children, were married October 12, 1925. About May 12, 1926, the wife left relator claiming her husband was cruel to her. In August, 1927, she returned to him but left him again about March, 1928. She left the children with the respondent and went to a hospital, where she has since remained in a very critical condition because of tuberculosis. If she lives

[1] Reported in 221 N. W. 868.

she is to have another child. A divorce suit is pending. Relator is helping to pay the hospital and medical expense but is apparently unable to meet the burden. He works at a local freight depot for $114 per month, his wages having recently been raised from $104. He has no property, but some debts. He proposes to take the children to the home of his aged father and mother. His mother is not able to care for them.

The respondent and her parents own and operate a 15-room boarding house. She has an income from this source of about $80 per month. She is a practical nurse with considerable experience. She has apparently made much sacrifice for her daughter and the children. The younger child has a tubercular condition of the skin and throat which necessitates unusual care as to sleeping place and diet. He is given only sterilized water, and his diet is prepared under the doctor's direction. The respondent is peculiarly well qualified to carry the burden which she probably would gladly shift to the relator if she thought the children would be equally well cared for.

We do not overlook the natural right of the parent to have the custody of his children, but their welfare is the important and controlling element which must guide us to our conclusion. State ex rel. Henning v. Gundvaldson, 169 Minn. 335, 211 N. W. 310; State ex rel. Pappenfus v. Kourtz, 173 Minn. 177, 216 N. W. 937. In this case the situation is unusual. The children need and are getting extraordinary attention and care which relator for want of money and facilities cannot give them. He is already burdened in meeting his obligations incident to the condition of his wife. We think it best for the children to remain where they are. The future may bring a different situation, and respondent must realize that the conclusion we reach may not be final. The record does not show that relator is unfit to have the custody of his children. The writ is discharged without prejudice.

Writ discharged.